441 So.2d 417 (1983)
BUILDING ENGINEERING SERVICES CO., INC.
v.
The STATE of Louisiana and the Louisiana Stadium and Exposition District and Union Service and Maintenance Company, Inc.
No. CA-0734.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1983.
*419 Patrick C. Leitz, Metairie, for plaintiff-appellee, Building Engineering Services Co., Inc.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Robert E. Redmann, Ann B. Steinhardt, Asst. Attys. Gen., La. Dept. of Justice, New Orleans, for defendants-appellees, State of La. and La. Stadium and Exposition Dist.
Peter Frank Liberto, Atty. at Law, New Orleans, for intervenor-appellant, Union Service and Maintenance Co., Inc.
Before WARD, GULOTTA and BYRNES, JJ.
WARD, Judge.
This appeal is concerned only with the intervention and claims of Union Service and Maintenance Company, Inc. (Union) in a suit filed by Building Engineering Services Co., Inc. (BESCO), against the State of Louisiana and the Louisiana Stadium and Exposition District (Stadium District).
In 1974, the Stadium District, operator of the Louisiana Superdome, awarded a contract for the maintenance of the heating, ventilation, and air conditioning system in the Superdome to BESCO. The contract was cancelled by the State in 1978, and BESCO filed this suit against the State and the Stadium District in Orleans Parish. Union intervened, claiming damages from BESCO and the profits derived from the contract.
BESCO, the State, and the Stadium District have compromised and settled the original claim, and only Union's intervention remained until it was dismissed by the Trial Judge. Union has appealed that judgment dismissing its intervention. We affirm for the following reasons.
Union had earlier filed suit in Jefferson Parish against both BESCO and its owners, Reid Powell and Glenn Teel, and against the Stadium District, asking for damages from BESCO, Powell and Teel, and by supplemental petition for an injunction against the Stadium District. At the time Union filed this intervention, although its suit in Jefferson had not been decided, an exception of lis pendens in Orleans was overruled, and Union was allowed to intervene. Subsequently, the Trial Court in Jefferson rendered a summary judgment as to all defendants against Union, and Union did not appeal those judgments. An exception of res judicata was maintained by the Trial Judge in Orleans Parish.
Union argues that res judicata does not apply because, although the petition in Jefferson was against BESCO and the Stadium authorities who are parties to Union's intervention in Orleans, there were two defendants in Jefferson who are not parties in the intervention. Next Union argues res judicata does not apply because its petition in Jefferson did not ask for the same relief as its intervention sought in Orleans and because Union alleged a different cause of action in the petition from that in the intervention.
The following facts are alleged by Union both in its suit in Jefferson and in this intervention in Orleans. BESCO, owned *420 entirely by Powell and Teel, was incorporated for the sole purpose of bidding on the maintenance contract. After incorporation, Powell and Teel had decided BESCO could not obtain the contract since BESCO was without either proven experience, adequate capital, or the ability to obtain a performance bond. Powell and Teel decided to seek Union's help, and in August, 1973, Powell and Teel, acting in their capacity as the incorporators of BESCO, approached Raymond Walters, the president of Union, and they advised Walters that they, Powell, Teel, and Walters, may have an opportunity to procure the heating, ventilation and air conditioning contract from the Stadium Authority. At this time, Powell was the Secretary of Union and owned forty-nine percent of the stock. Walters owned fifty-one percent. Powell and Teel requested Walters' help and permission to use the name of Union to bid on the contract. Walters agreed, and Teel was elected vice-president for the sole purpose of procuring the Superdome contract. Additionally, Powell and Teel were permitted to use Union's facilities and expense account. Shortly thereafter, Powell and Teel, representing Union, bid for and ultimately obtained the contract from the Stadium District. They later, however, approached Walters and persuaded him to assign Union's contract to BESCO. In exchange for the assignment, Powell and Teel promised that Union would get prime consideration for all subcontract work and that Powell would remain with Union. In November, 1973, the Board of Directors of Union assigned the maintenance contract to BESCO.
Although the Stadium District first awarded the contract to Union, after the assignment, the Stadium District awarded the contract to BESCO, who was identified in the contract as "formerly Union Service and Maintenance Co., Inc." Although this contract was not approved by the State Commissioner of Administration, a similar contract, which was ultimately ratified by the Louisiana Legislature, also referred to BESCO as "formerly Union Service and Maintenance Co., Inc." In July, 1974, Teel met with the general counsel for the Stadium District and requested him to strike the phrase "formerly Union Service and Maintenance Co., Inc.". The general counsel agreed, but only if Union Service would act as BESCO's surety for performance of the contract. After Powell and Teel again promised Walters that Union would receive prime consideration for all subcontract work and that Powell would remain with Union, Union agreed to act as BESCO's surety.
The gravamen of Union's complaint in both the petition and intervention is breach of contract, and it claims damages because it was never given an opportunity to bid for any subcontract, and Powell not only failed to devote his full time to Union, he resigned as Secretary of Union shortly after it agreed to act as surety. Also, in both the petition and intervention, Union asks for a judgment that would rescind its assignment to BESCO, and Union asks for all of BESCO's profits from the contract with the Stadium District. Union also sought an award for unjust enrichment for the fair market value of a performance bond in both cases.
There are, however, differences between the petition filed in Jefferson and the intervention filed in Orleans. In the petition, Union asked for a judgment against Powell and Teel in addition to BESCO, alleging Powell and Teel were acting for their own benefit and as well as in their capacity as stockholders and officers of BESCO. Additionally, the petition in Jefferson asked for damages from Powell and Teel for breaching their fiduciary duty as executive officers of Union. In the intervention, Powell and Teel are not made defendants to the lawsuit.
After the filing of Union's petition in Jefferson, the Stadium District began negotiating with BESCO to buy out its contract, and Union amended its original petition seeking to enjoin the District and BESCO from continuing the negotiations. Thus, there are apparently differences in parties and differences in the relief sought. We, however, believe these differences are more *421 apparent than real, and are not sufficient to defeat the exception of res judicata.
Louisiana Civil Code Article 2286 provides, "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." The theory of civilian res judicata is that matters litigated and finally adjudged are presumed correct and should not be contradicted in a subsequent suit. Dixon, Booksh, Zimmering, "Res Judicata in Louisiana since Hope v. Madison", 51 Tul.Law Review 611, 617 (1977). Summary judgment is a definitive judgment and will support a plea of res judicata where other requirements are met. Snipes v. Southern Baptist Hospital, 243 So.2d 298 (La.App. 4th Cir.1971).
Union first argues that the requirement of C.C. Art. 2286, the same identity of the parties, is not fulfilled, pointing out that Reid Powell and Glenn Teel were defendants in Jefferson but were not in the Orleans intervention and that the State is a defendant in the Orleans intervention but not in Jefferson. The Louisiana Stadium and Exposition District and BESCO, however, were defendants in both actions.
In Johnson v. Lemons, 157 So.2d 752 (La.App. 2nd Cir.1963), that Court held that the plaintiff could not, by merely adding parties, diminish the force and effect of a peremptory exception of res judicata against all parties with whom he had litigated issues to final judgment. Although Johnson v. Lemons involved the addition of other parties in the second lawsuit, the rationale of that case is applicable. The crucial inquiry is whether the parties in the second suit had fully litigated the issues in the first case. If so, res judicata applies to those parties if the addition or omission of defendants in the second suit was not critical to the resolution of issues between the parties in the first suit. In the instant case, the fact that some defendants are present in the first suit but absent in the second is not significant. Following the rationale of Johnson v. Lemons, supra, we hold that the absence of Teel and Powell as defendants in the intervention is not fatal to the plea of res judicata. For the same reasons, we do not believe the presence of the State as a defendant in this intervention and the absence of the State as a defendant in the petition is critical to BESCO's and the Stadium District's exception of res judicata.
Because the State was not a defendant in the earlier suit, the summary judgments rendered in that suit would not be res judicata as to the State. We note, however, that Union's intervention does not allege a cause of action against the State. In Union's intervention, it asks that the agreement between Union and BESCO be rescinded and the profits derived therefrom be awarded to Union, or that Union be awarded damages from BESCO either for breach of contract or unjust enrichment. Nowhere does Union allege any obligation or duty on behalf of the State to Union arising out of the alleged breaches of contract by BESCO. Thus, the State of Louisiana is entitled to a judgment of dismissal for Union Service's failure to state a cause of action in its Petition of Intervention. The State was not a proper defendant in Union's intervention, and the presence of the State as a proper defendant in BESCO's suit will not justify a finding of lack of identity nor will it defeat the exception.
The second requirement of C.C.Art. 2286 is that the thing demanded must be the same in each suit. Both the petition in Jefferson and the intervention in Orleans were claims for damages from BESCO for breach of contract, and alternatively, claims of unjust enrichment. Union points out, however, that monetary damages were not sought from the Stadium District in the Jefferson action and that the only relief sought against the Stadium District in Jefferson was an injunction. In that suit, the Stadium District filed a motion for summary judgment on the grounds that an injunction would be improper because Union failed to show that injury, if any, could not *422 be compensated in monetary damages and that, even if all of the allegations of Union's petition were true, the State would not be liable should Union seek monetary damages. The Trial Court ruled in favor of the Stadium District and ordered that the complaint directed against the Stadium District be dismissed. Considering the argument upon which that holding was based, we believe it represents a judicial resolution of Union's claim against the Stadium District and, as such, is res judicata as to Union's intervention.
The third of the requirements of C.C.Art. 2286 is that the demand must be founded on the same cause of action. In R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980) the Supreme Court held that the term "the same cause of action" in Art. 2286 is a mistranslation; the Article should read "the same cause." The proper interpretation of Art. 2286 requires a consideration of the civil law concept of "cause" rather than the common law "cause of action". In Nicholson v. Holloway Planting Co., Inc., 268 So.2d 74 (La.App. 1st Cir.1972) affirmed in part, reversed in part on other grounds 284 So.2d 898 (La.1973), the Court held that the term "cause of action" as used in Art. 2286 refers to the facts which give rise to the judicial relief sought. After reviewing the allegations of the petition in Jefferson and those of the intervention in Orleans, we conclude that the allegations are virtually identical; each describes the method by which the contract was obtained and fulfilled. We hold that the third requirement of Art. 2286 is satisfied.
Union also argues that the District Judge erred in granting the exception of res judicata after having dismissed an exception of lis pendens. The issue of whether the Trial Court correctly dismissed the exception of lis pendens is not raised in this appeal, and we do not believe that ruling affects the validity of the maintenance of the exception of res judicata because the overruling of a peremptory exception is an interlocutory order, and under the C.C.P. Art. 928 and Art. 1152, the Trial Court has the right at any stage of the proceeding to set aside that decree. In R.G. Claitor's Realty v. Juban, supra, the Supreme Court held that the overruling of defendant's exception of res judicata did not preclude the Trial Judge from later reversing himself and sustaining the exception. Accordingly, we hold that the Trial Judge's denial of the exception of lis pendens does not preclude him from later maintaining an exception of res judicata.
Union's final assignment of error alleges the District Court failed to give proper notice that the exception of res judicata was to be heard on April 6, 1981. The order setting the hearing on the exceptions of prescription and no cause of action contained a handwritten notation that the order included "all other motions, exceptions or rules not yet brought before the court." Counsel for Union alleges that this was inadequate notice that the res judicata exception would be heard because that exception had been filed approximately seven months earlier. Because the exception of res judicata was clearly included in "all other motions, exceptions or rules not yet brought before the court," we conclude that the handwritten notation on the order gave adequate notice that the exception of res judicata was to be heard.
In summary, the presence of Teel and Powell as defendants in Union's lawsuit filed in Jefferson Parish, while they were not defendants in the lawsuit in Orleans Parish, does not preclude a finding of res judicata as to those parties who were defendants in both actions, BESCO and the Stadium District. Likewise, the presence of the State of Louisiana in the lawsuit in Orleans Parish does not preclude a finding of res judicata as to BESCO and the Stadium District. Although the summary judgments in the Jefferson action are not res judicata as to the State, we note that the intervention does not state a cause of action against the State. The summary judgments in favor of BESCO and the Stadium District in Jefferson Parish holding that Union is not entitled to relief are res judicata as to those defendants and bar Union's intervention against them.
*423 We hold that the requirements of C.C. Art. 2286 were met, and thus, the trial court did not err in maintaining the exception of res judicata and dismissing the intervention of Union.
Affirmed. Union Service and Maintenance Company, Inc. must pay all cost of trial attributable to its intervention and all costs of this appeal.
AFFIRMED.