Relators seek writs from a district court judgment overruling a declinatory exception of lis pendens.
Plaintiff Mose Houston filed suit in United States District Court alleging he contracted a lung disease as a result of his employment as a sandblaster with Avon-dale Shipyards. He also sued in the Twenty-Fourth Judicial District Court and Orleans Civil District Court. Defendants-Re-lators Underwriters at Lloyd’s and Companies filed a declinatory exception of lis pen-dens in Civil District Court, alleging that the Federal and Jefferson suits are substantially identical. The trial court overruled the exception.
Lis pendens should be granted only where there are two or more suits pending on the same cause of action between the same parties, in the same capacity, and having the same object. La.C.C.P. Art. 531. The test of lis pendens is to inquire whether a final judgment in the first suit would be res judicata in the latter. Scott v. Ware, 160 So.2d 237 (La.App. 2nd Cir.1964).
In this case La.C.C.P.Art. 531 applies only to the Jefferson and Orleans suits. *46 Those suits do not fall within the ambit of Art. 531 for two reasons:
(1) The Orleans suit names an additional defendant, Mine Safety Appliances Company;
(2) The Orleans suit states an additional cause of action, a claim for racial discrimination.
The Jefferson Parish suit alleges that certain executive officers of Avondale negligently caused plaintiff to contract silicosis during his employment and seeks money damages. All defendants in the Orleans suit are also named in the Jefferson suit, with the exception of Mine Safety. Mine Safety is not a direct defendant in the Jefferson suit, but is a third party defendant.
The Orleans suit also seeks a money judgment against the executive officers of Avondale. Mine Safety is a direct defendant in the Orleans suit. In addition, the Orleans suit states a cause of action for racial discrimination pursuant to 42 U.S.C. §§ 1981, 1982.
Although the primary relief sought in both suits may be to hold the executive officers of Avondale liable for negligently causing plaintiff to contract silicosis, the Orleans suit involves an additional cause of action, an additional party, and seeks other relief of real substance. A judgment in the Jefferson suit will not be res judicata as to the additional issue and the additional party involved in the Orleans suit. Therefore, the mandatory identity of elements required by La.C.C.P. Art. 531 is not present. Goldblum v. Boyd, 267 So.2d 610 (La.App. 2nd Cir.1972) (on rehearing), writ refused 263 La. 243, 267 So.2d 906 (1972).
La.C.C.P.Art. 532 controls the federal and Orleans Parish suits. That article providing for a stay of proceedings is identical to Art. 531 providing for dismissal, except that Art. 532 deals with prior suits pending in federal courts and courts of other states whereas Art. 531 deals with prior suits in the same or other courts of this state.
The suit in federal court included the same parties and causes of action as the Orleans suit. However, the federal court dismissed plaintiffs tort suit against the executive officers of Avondale and plaintiff has not appealed that dismissal. Therefore, a stay of the Orleans suit pending action by the federal court would not be appropriate.
Accordingly, we conclude the exception of lis pendens was properly overruled. Re-lators’ writ is denied.