521 So.2d 488 (1988)
Anita H. Fincher, Wife of/and Barney L. FINCHER
v.
INSURANCE CORPORATION OF AMERICA, Lifemark Hospitals of Louisiana, Inc. d/b/a Highland Park Hospital, Northshore Medical Associates (a Professional Medical Corporation), William L. Williams, M.D., John H. George, M.D. and Theordore R. Brustowicz, M.D.
No. CA-8147.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Writ Denied April 4, 1988.
Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, C. William Bradley, Jr., New Orleans, for defendants/appellees, Ins. Corp. of America and Williams L. Williams, M.D.
Henri Wolbrette, III, Stephanie M. Lawrence, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for defendants/appellees Northshore Medical Associates, John George, M.D. and Theordore R. Brustowicz, M.D.
Bruce J. Toppin, Stewart E. Niles, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for other defendant/appellee.
C. Scott Carter, Wiedemann & Fransen, New Orleans, for plaintiffs/appellants Anita H. Fincher and Barney L. Fincher.
*489 Before BYRNES, WARD and WILLIAMS, JJ.
BYRNES, Judge.
By this appeal, plaintiff/appellants Barney and Anita Fincher assert that the trial court erred by granting exceptions of lis pendens and dismissing their suit in Orleans Parish against Drs. Williams, George and Brustowicz, Insurance Corporation of America (ICA), Lifemark Hospitals of America, Inc. (Lifemark), and Northshore Medical Associates (Northshore). We find the dismissal was proper and affirm.

FACTS
The medical malpractice action which forms the basis of this appeal arose as a result of alleged negligent care and treatment rendered to Anita Fincher by the appellees between March 29, and April 6, 1984. In February, 1985 the Finchers filed suit in St. Tammany Parish, the situs of the alleged malpractice. Made defendants in this suit were Dr. Williams, Dr. George, and the Highland Park Hospital. Almost a month later, the Finchers filed a second medical malpractice suit in Orleans Parish based on the same facts and circumstances as their first suit. Named as defendants in this suit were Drs. Williams, George and Brustowicz, Lifemark (d/b/a Highland Park Hospital), Northshore, and ICA, Dr. Williams' malpractice insurance carrier. Venue for the Orleans Parish suit was based on the Orleans Parish domicile of Lifemark's agent for service of process (C.T. Corporation), as well as allegations of the solidary liability of all defendants.
Subsequently, ICA and Drs. Williams and George filed exceptions of lis pendens and venue. Northshore and Dr. Brustowicz also filed exceptions of venue. Lifemark filed an exception of lis pendens. After the hearing on these exceptions, the trial judge rendered the following judgment:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the Exceptions of Lis Pendens filed on behalf of John George, M.D., William L. Williams, M.D., Insurance Corporation of America, and Life Mark Hospitals of Louisiana, Inc., d/b/a Highland Park Hospital be maintained, and that the above captioned action be dismissed without prejudice at plaintiffs' costs.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the Exceptions of Improper Venue are moot.
It is from this judgment that the Finchers appeal.

ASSIGNMENT OF ERROR
By their sole assignment of error, the Finchers assert that the trial court erred in maintaining the exceptions of lis pendens because the parties in the Orleans and St. Tammany Parish suits were not identical as required by C.C.P. Art. 531. We disagree. C.C.P. Art. 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
The test for deciding if an exception of lis pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the latter. Houston v. Avondale's Shipyards, Inc., 464 So.2d 45 (La.App. 4th Cir.1985). The exception of lis pendens has the same requirements of identities as the exception of res judicata. Slater v. Slater, 336 So.2d 965 (La.App. 4th Cir.1976); see also: R.S. 13:4231. Both exceptions serve to promote judicial economy and to prevent harassment. The exception of lis pendens, however, is applicable before judgment on the merits is rendered in any of the pending suits, while the exception of res judicata is applicable only after judgment. Id. at 966.
In determining whether the exceptions of lis pendens were properly granted, it must be shown that the two suits assert the same cause of action. The record reveals *490 that the facts and circumstances alleged in both suits are identical. Both suits allege that Mrs. Fincher suffered injuries as a result of the defendants' negligent care and treatment before, during and after childbirth. In our opinion, the record supports the conclusion that both suits share the same cause of action.
Additionally, C.C.P. Art. 531 requires that the two suits have the same "object". The relief sought in both suits was a judgment holding the defendants liable for the injuries negligently inflicted upon Mrs. Fincher. This requirement has also been met.
The final requirement of C.C.P. Art. 531 is that both suits be "between the same parties in the same capacities". While the Orleans Parish suit names three additional defendants, namely Dr. Brustowitcz, ICA and Northshore, we find that the addition of these parties does not defeat the exception of the lis pendens as to those defendants named in both suits in the same capacities. We find support for this conclusion in Building Engineering Services Co. v. State of Louisiana, 441 So.2d 417 (La.App. 4th Cir.1983). There we ruled that res judicata would apply to the issue fully litigated by the common parties of the first and second suits regardless of whether defendants were added or omitted in one of the suits, provided that the parties added or omitted were not "critical to the resolution of issues between the parties in the first suit". Id. at 421. By analogy, the identity of parties requirement for lis pendens is also not an absolute requirement, but turns on whether the parties added or omitted would be necessary to reach a judgment on all of the issues asserted against the common parties in both suits.
In the present case there can be no doubt that defendants, Dr. Brustowicz, ICA and Northshore were not critical to the resolution of the issues of negligence between the Finchers and remaining defendants Drs. George, Williams and Lifemark. The Finchers could certainly obtain a judgment on the issues of the negligence of these defendants without joining in the same suit Dr. Brustowicz, ICA and Northshore. Under our holding in Building Engineering Services Co., supra, the mere addition of these three defendants in the Orleans suit would not have prevented the application of res judicata to that suit had judgment been rendered in the St. Tammany Parish suit. Accordingly, the identity of parties requirement for the exception of lis pendens has been established and the test for lis pendens satisfied as to the common parties of both suits, namely Drs. Williams, George and Lifemark. It is our opinion that as to these parties, the trial court correctly granted exceptions of lis pendens.
Having determined that the exceptions of lis pendens were properly granted as to Drs. Williams, George and Lifemark we must now address the propriety of the trial court's dismissal of the Finchers' suit against Dr. Brustowicz, ICA and Northshore. Of these defendants, only ICA filed an exception of lis pendens. Because ICA is not a named party in the St. Tammany suit, the exception of lis pendens should not have been granted as to it. However, ICA, Dr. Brustowicz, and Northshore did file exceptions of venue which the trial court found to be moot in its judgment. Because the appellate court is mandated to render any judgment which is just, legal and proper upon the record on appeal, we now focus on whether the trial court's dismissal of the Fincher's claim against Dr. Brustowicz, ICA and Northshore is justified by the record. C.C.P. Art. 2164.
Venue over the non-resident defendants in the present case was sought by alleging a solidary obligation with Lifemark, the sole resident defendant of Orleans Parish. C.C.P. Art. 72. After the dismissal of Lifemark on the exception of lis pendens, no basis for venue in Orleans Parish remained. See: Verdun v. Plaisance, 339 So.2d 533 (La.App. 4th Cir.1976). Accordingly, the venue exceptions filed by Dr. Brustowicz, ICA and Northshore should have been granted. From our review of the record, we conclude that the dismissal of these defendants from the suit was legal and proper. C.C.P. Art. 2164.
For the above reasons, judgment of the trial court dismissing the Finchers' suit *491 against the defendants is affirmed. Cost of this appeal are assessed to the Finchers.
AFFIRMED.