BARRY, Judge.
In 1980 the 29th Judicial District Court rendered a judgment ordering the respondent to pay child support on behalf of his minor child. Pursuant to a rule to increase child support, a consent judgment was signed in May, 1988 in Civil District Court for the Parish of Orleans, the domiciliary parish of the mother and minor child.
On or about May 2, 1988 the minor child reached the age of majority and respondent allegedly terminated child support payments and filed a “Motion to Terminate Child Support” in the 29th JDC.
Relator filed a rule to enforce the support order because she was still attending high school. Relator alleges the termination matter has been continued indefinitely.
*1242 Respondent’s exception of lis pendens to the proceedings in Civil District Court was maintained and relator seeks writs from this Court.
The maintenance of an exception of lis pendens, when both suits are pending in Louisiana, necessarily dismisses the suit, La.C.C.P. Art. 531, and is a final appealable judgment. Because relator alleges irreparable harm in that the child is in need of support and because we believe she is entitled to pursue enforcement of the support judgment in Orleans Parish, we grant the writ to be considered as an expedited appeal.
La.R.S. 9:309 in pertinent part provides: A. When an order or judgment awards child support in a specific amount per child, said child support award for said child shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award upon said child’s attaining the age of majority.
* # * ⅛ * if
C. An order or judgment of child support may continue with respect to any unmarried child who attains the age of majority as long as the child is a full-time student in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. The major child shall be the proper party to enforce an order or judgment of child support which is continued beyond the age of majority pursuant to this Subsection.
To test for lis pendens, inquiry must be made as to whether a final judgment in the first case will be res judicata in the subsequent suit. Fincher v. Insurance Corp. of America, 521 So.2d 488 (La.App. 4th Cir.1988), writ denied 522 So.2d 570 (La.1988).
The respondent was entitled to terminate payment of child support pursuant to La.R. S. 9:309(A). Relator is entitled to pursue continuation of the support order pursuant to La.R.S. 9:309(C).
A judgment terminating payment of support cannot preclude relator from seeking continuation of support and is not res judicata in the present case. Furthermore, respondent may not preclude relator from seeking the continuation of support by terminating payment (as he is entitled to do), then filing an unnecessary rule to terminate and continuing the hearing on the matter indefinitely. The lis pendens exception was improperly maintained.
The judgment of the trial court is reversed and the case is remanded for further proceedings to be held as expeditiously as possible.
REVERSED AND REMANDED.