682 So.2d 246 (1996)
Claude Jason DOMINGUE and David Troy Domingue
v.
ABC CORPORATION, et al.
Nos. 96-C-1224, 96-C-1233, 96-C-1234, 96-C-1236 and 96-C-1245.
Court of Appeal of Louisiana, Fourth Circuit.
June 26, 1996.
Writ Denied November 1, 1996.
Rehearing Denied November 22, 1996.
*247 Donald C. Brown, Todd M. Ammons, Woodley, Williams, Fenet, Boudreau, Norman & Brown, Lake Charles, for Relator, Total Minatome Corporation.
Nan M. Landry, Frederick A. Miller & Associates, Lafayette, for Relator, Samson Resources Company.
Joseph E. LeBlanc, Jr., W. Aaron Tarver, Nesser, King & LeBlanc, New Orleans, for Relator, Union Pacific Oil & Gas Corporation.
Kathleen F. Hobson, Steven P. Crowther, Liskow & Lewis, New Orleans, for Relator, Freeport-McMoRan, Inc.
James E. Diaz, Jr., Lafayette, for Relator, Swift Energy Company.
Ben L. Mayeaux, Laborde & Neuner, Lafayette, for Relator, Hilliard Oil & Gas, Inc.
Mark C. Dodart, Neil C. Abramson, Phelps Dunbar, New Orleans, for Relator, Forman Petroleum Corporation.
Before SCHOTT and JONES and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
On 31 July 1995, Claude and David Domingue filed three separate lawsuits against Coastal Oil & Gas Company, Delmar Operating, Inc., Forman Petroleum Corporation, Pointe-Clear Oil & Gas, Inc., Swift Energy Company, Cummins & Walker, Inc., Total Minatome Corporation and Columbia Gas Development Corporation in three different parishes. The first suit was filed in Lafayette Parish at 7:59 a.m.; the second suit was filed in Acadia Parish at 9:06 a.m.; the third suit was filed in Orleans Parish at 10:42 a.m. In all three suits, plaintiffs alleged that between the early 1970's and 1993, their father was exposed to benzene-containing products while at the facilities of the named defendants as an invitee and that as a result of this exposure he contracted non-Hodgkins lymphoma and/or leukemia.
Plaintiffs subsequently amended the petition in the Orleans Parish suit only to add as defendants Samson Resources Company; Union Pacific Oil & Gas Corporation; Graham-McCormick Oil & Gas Partnership; Triad Energy Corporation of Texas; Hilliard Oil & Gas, Inc.; Cayman Exploration & Production Corporation; Marline Oil Corporation; Americus Resources, Inc.; Freeport-McMoRan, Inc.; and Franks Petroleum, Inc.
Total Minatome Corporation, an original defendant in all three suits, filed a third party demand in the Lafayette Parish suit against all of its codefendants, including the ten parties who had been added as defendants in the Orleans Parish suit, seeking indemnity and/or contribution. Before any of the eight original defendants answered, plaintiffs dismissed the Acadia Parish suit and moved to dismiss partially the Lafayette Parish suit; however, the Lafayette court denied plaintiffs' motion. The eight original defendants filed answers in the Lafayette suit, and they filed exceptions of lis pendens in the Orleans suit. The Civil District Court for the Parish of Orleans denied all lis pendens exceptions.
Relators sought supervisory relief. We grant the applications for writs and affirm the trial court's judgment in part and reverse in part.

ANALYSIS
Defendants complain that the trial court erred in denying their exceptions of lis pendens to the Orleans Parish suit because plaintiffs chose to file suit first in Lafayette Parish. It is undisputed that the Lafayette and Orleans suits were brought by the same plaintiffs who asserted wrongful death and survival actions seeking compensatory and punitive damages arising from the death of their father. The same parties in the same capacities have been sued in both suits.
La.C.C.P. art. 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the *248 first final judgment rendered shall be conclusive of all.
The test for deciding whether an exception of lis pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Fincher v. Insurance Corp. of America, 521 So.2d 488 (La.App. 4th Cir. 1988), writ denied 522 So.2d 570 (La.1988). The exception of lis pendens has the same requirements as the exception of res judicata, and is properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities.
In Fincher, the plaintiffs first filed suit for medical malpractice in St. Tammany Parish against two doctors and a hospital. They filed a second medical malpractice suit in Orleans Parish against the same defendants and added another doctor, a medical corporation, and the insurer of one of the doctors named in the first suit. The trial court in Orleans granted the exception of lis pendens filed by the defendants in the first suit. This court affirmed the granting of the exception of lis pendens and stated:
While the Orleans Parish suit names three additional defendants ..., we find that the addition of these parties does not defeat the exception of lis pendens as to those defendants named in both suits in the same capacities. We find support for this conclusion in Building Engineering Services Co. v. State of Louisiana, 441 So.2d 417 (La.App. 4th Cir.1983). There we ruled that res judicata would apply to the issue fully litigated by the common parties of the first and second suits regardless of whether defendants were added or omitted in one of the suits, provided that the parties added or omitted were not "critical to the resolution of issues between the parties in the first suit." Id. at 421. By analogy, the identity of parties requirement for lis pendens is also not an absolute requirement, but turns on whether the parties added or omitted would be necessary to reach a judgment on all of the issues asserted against the common parties in both suits.
Fincher, 521 So.2d at 490.
In that case, the added defendants were not critical to the resolution of the issues between the plaintiffs and the original defendants because the plaintiffs could obtain a judgment against the original defendants without having joined the added defendants in the same suit. The court concluded that the addition of the three new defendants would not have prevented the application of res judicata had judgment been rendered in the St. Tammany suit. The court further held that one of the three added defendants could not assert an exception of lis pendens because it had not been named in the first suit.
The eight defendants sued in both Lafayette and Orleans Parishes may successfully assert the exception of lis pendens since a judgment on the merits in the Lafayette Parish suit would have res judicata effect as to those defendants in the Orleans Parish suit.
The suit against the ten defendants added to the Orleans Parish suit only is not subject to an exception of lis pendens because a judgment in the Lafayette Parish suit would not be res judicata as to them since they were sued there not as direct defendants but rather as third party defendants. A judgment on the third party demand asserted against them in the Lafayette Parish suit by Total Minatome for indemnity and/or contribution would not have res judicata effect on plaintiffs' claims against them in Orleans Parish for wrongful death and survival damages under the factual circumstances alleged by plaintiffs. The alleged injuries to plaintiffs' father occurred over a twenty year period at different places involving each of the various defendants; thus, a finding of liability as to one defendant would not necessarily decide the issue as to other defendants or third parties.

CONCLUSION AND DECREE
Relators' applications for writs are granted. The judgment of the Civil District Court for the Parish of Orleans denying the exception *249 of lis pendens is reversed as to Forman Petroleum, Total Minatome Corporation, and Swift Energy. The judgment is affirmed and the case is remanded to Civil District Court for Orleans Parish for further proceedings as to Samson Resources, Union Pacific Oil & Gas, Freeport-McMoRan, and Hilliard Oil & Gas.
WRIT GRANTED. JUDGMENT DENYING EXCEPTION OF LIS PENDENS REVERSED AS TO FORMAN PETROLEUM, TOTAL MINATOME CORPORATION AND SWIFT ENERGY. JUDGMENT AFFIRMED AND CASE REMANDED FOR FURTHER PROCEEDINGS AS TO SAMSON RESOURCES, UNION PACIFIC OIL & GAS, FREEPORT-MCMORAN AND HILLIARD OIL & GAS.