JjLOLLEY, J.
Enterprise Property Grocery, Inc. (“Enterprise”) appeals a judgment rendered in the Shreveport City Court, Parish of Cad-do, State of Louisiana, granting an exception of lis pendens in favor of Selma, Inc. (“Selma”). For the following reasons, we affirm.
FACTS
A recitation of the underlying facts of this case is unnecessary as they have been thoroughly discussed in Enterprise Property Grocery, Inc. v. Selma, Inc., 38,747 (La.App.2d Cir.09/22/04), 882 So.2d 652 (“Enterprise I ”).
In the instant action, Enterprise filed a rule for eviction against Selma in the Shreveport City Court on December 19, 2003, seeking to terminate Selma’s right to occupy premises located at 7727 Linwood Avenue, Shreveport, Louisiana (the “leased property”). Enterprise claimed it had a right to evict Selma based on the terms of an alleged written commercial lease agreement dated February 28, 1997(the “first lease”). Enterprise maintained that Selma had continued to occupy the leased property on a month-to-month basis even though the term lease had expired.
Selma responded by filing a declinatory exception of lis pendens alleging that before the instant action was filed in the Shreveport City Court, Enterprise had filed an eviction suit against Selma in the same capacity in the First Judicial District Court on September 15, 2003, seeking eviction from the leased premises based upon the same transaction (the first lease). Selma further denied that it was occupying the leased | ¡^premises on a month-to-month basis and instead claimed that it was occu *616 pying the leased premises pursuant to a new lease effective September 1, 2002, (the “new lease”) and that it had complied with the terms and provisions of the new lease in all respects.
A trial of the matter was held on January 15, 2004, wherein the city court sustained Selma’s declinatory exception of lis pendens. Judgment was rendered accordingly, and Enterprise’s rule for eviction was dismissed without prejudice on February 23, 2003. This appeal by Enterprise ensued.
DISCUSSION
On appeal, Enterprise contends that the Shreveport City Court erred in concluding that the existence of the first term lease constituted the same transaction or occurrence for both the district court suit and the city court suit. Enterprise argues that the Shreveport City Court erred in finding that the city court action alleging nonpayment of rent was barred under the doctrine of lis pendens as a result of a prior district court judgment of eviction based on expiration of the terms of the first lease. Enterprise contends that it entered into a commercial lease agreement with Selma for the property located at 7727 Linwood Avenue in Shreveport; that the first lease with Selma terminated on March 1, 2002, with an option to renew the lease for an additional five year term upon giving timely written notice of intention to renew the lease. Enterprise alleges that Selma did not exercise that option, but continued to occupy the property on a month-to-month basis. It further contends that Selma’s non-payment of the November 1, 2003, rent was a separate transaction or occurrence constituting default pursuant to the terms of the lease. It maintains that the district court suit | ¡¡filed on September 15, 2003, seeking eviction was based on the original lease and, therefore, could not have been based on allegations of non-payment of rent on November 1, 2003, because this occurrence had not yet occurred. Selma answered Enterprise’s rule for eviction with an affirmative defense that it had timely tendered or paid all rent due Enterprise.
In Enterprise I, the First Judicial District Court for Caddo Parish ruled in favor of Enterprise on November 2, 2003, evicting Selma from the premises. A suspen-sive appeal from that decision ensued and an opinion was rendered by this court in Enterprise /, wherein we found that there was an agreement between Enterprise and Selma with respect to the terms of the written lease as of November 1, 2002, and that the district court was clearly wrong in finding that the new lease did not take effect without an authorized signature from Enterprise. This court found that the record showed that Selma paid rental payments of $2,000 from November 2002 through July 2003 consistent with the new lease provisions and, that Enterprise accepted those rental payments during that time period with an awareness of Selma’s expectation of a lease with a term. This court concluded that the district court erred in ordering Selma to vacate the premises and reversed the district court’s judgment. Now we are called to decide whether the Caddo Parish suit and the Shreveport City Court suit are based on the same transaction or occurrence within the meaning of La. C.C.P. art. 531.
Louisiana C.C.P. art. 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by 14excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the *617 suits, but the first final judgment rendered shall be conclusive of all.
Additionally, the test for deciding whether an exception of lis pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Domingue v. ABC Corporation, 96-1224 (La.App. 4th Cir.06/26/96), 682 So.2d 246, 248, writs denied, 96-1947, 96-1966 (La.11/01/96), 681 So.2d 1268 citing, Fincher v. Ins. Corp. of America, 521 So.2d 488 (La.App. 4th Cir.02/10/88), writ denied 522 So.2d 570 (La.1988). The exception of lis pendens has the same requirements as the exception of res judicata, and is properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities. Glass v. Alton Ochsner Medical Foundation, 2002-0412 (La.App. 4th Cir.11/06/02), 832 So.2d 403, writs denied, 2002-2977 (La.03/14/03), 839 So.2d 36, 2002-3018 (La.03/14/03), 839 So.2d 37.
Louisiana R.S. 13:4231 states in part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the parties, except on appeal or other direct review, to the following extent:
:ji j}:
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
| ¡^Pursuant to La. C.C.P. art. 531, the central inquiry becomes whether the eviction proceeding of the Shreveport City Court action arose out of the same transaction or occurrence which is the subject matter of the first suit filed in district court. In both of Enterprise’s actions against Selma, it based its claim for eviction on the first lease and not on the new lease this court found to be valid, i.e., the same transaction. Consequently, we find the courts in the two different suits were asked to make factual determinations as to issues based on the same transaction or occurrence between the same parties in the same capacities, and therefore Selma, as defendant in both suits, was entitled under the doctrine of lis pendens to have the second suit dismissed without prejudice. See Spallino v. Monarch Sign Co. 2000-447 (La.App. 3d Cir.10/11/00), 771 So.2d 784.
Finally, in the interest of judicial economy and fairness we note that the record before us is void of evidence indicating whether or not Selma was in fact in default of paying the November 1, 2003 rent as alleged by Enterprise. Thus we cannot determine as a matter of law whether Enterprise has a cause of action for eviction against Selma under the terms of the new lease.
For the reasons assigned above, we affirm the judgment rendered in the Shreveport City Court suit barring the instant action under the doctrine of Us pendens. Costs of this appeal are assessed to Enterprise.
AFFIRMED.