|1MAX N. TOBIAS, JR., Judge.
We grant the application for supervisory writ of relator, Delacroix Corporation (“Delacroix”), to review a judgment of the trial court denying Delacroix’s declinatory exceptions of lis pendens, no right of action, and no cause of action. For the following reasons, we reverse the trial court’s judgment insofar as same denied the exception of lis pendens against respondents, Lynn B. Dean (“Dean”) and Elevating Boats, L.L.C. (“EBLLC”), render judgment dismissing without prejudice the claims of Dean and EBLLC against Delacroix, and vacate the trial court’s judgment insofar as same denied Delacroix’s exceptions of no right of action and no cause of action.
The record before us reveals that on 30 September 1999, Delacroix filed a petition to enjoin trespass against Dean and Elevating Boats, Inc. (“EBI”) in the 34th Judicial District Court for the Parish of St. Bernard (“the St. Bernard litigation”).[1] The suit sought to prohibit the defendants therein from trespassing on certain immovable property that Delacroix alleged that it owned located in 12Plaquemines Parish. Delacroix alleged that Dean and EBI owned property adjacent to and to the east of their property.[2] Venue was proper in St. Bernard Parish because (a) Dean was domiciled in that parish, (b) EBI had its registered office in St. Bernard Parish, and (c) title to the subject immovable was not per se required to be adjudicated in order to determine whether trespass should be enjoined. Cf, La. C.C.P. arts. 3652, 3656, 42, and 80 A(l).[3] Nevertheless, we note that Delacroix’s suit is in the nature of a petitory action relating to a portion of the eastern side of their property because Delacroix alleges in its petition that it is the owner of the immovable property upon which Dean and EBI (EBLLC) are alleged to be trespassing. In essence, Delacroix confessed that Dean and EBI were in some fashion in possession of a portion of the immovable property in issue.[4] Apparently, the parties at *771 tempted to resolve their dispute amicably, but were unable to do so. Dean and EBLLC filed a reconventional demand against Delacroix alleging a possessory action. However, the trial court dismissed the reconventional demand on the grounds that Dean and EBLLC’s possessory action was prescribed. This court affirmed the trial court’s decision on 6 June 2003 in writ application number 2003-C-0624, but on grounds different from those found |3by the trial court. We held that Dean and EBLLC had no right of action to assert a possessory action in the case as pled because “neither a disturbance in fact nor a disturbance in law existed,” which is an essential element of a possessory action under La. C.C.P. art. 3659.[5]
On 11 March 2003, Dean and EBLLC filed suit against Delacroix and the Parish of Plaquemines in the 25th Judicial District Court for the Parish of Plaquemines (“the Plaquemines litigation”). This suit is captioned as a petition for eoncursus and for preliminary injunction. Dean and EBLLC appropriately styled and brought their suit as a petition for eoncursus (see, La. C.C.P. arts. 4651 and 3654);[6] the petition alleges Dean and EBLLC’s ownership of immovable property in Plaquemines Parish of which Delacroix claims ownership of a part thereof. We note that the prayer of Dean and EBLCC’s petition filed in the Plaquemines litigation contains no prayer for relief against the Parish of Plaquemines (“Plaquemines Parish Government”). The dispute between the parties relates to a portion of the Caernarvon Canal; the area in dispute is under water. Apparently the precise boundary between the parties’ properties is uncertain and water bottoms owned by Plaquemines Parish Government may he between their respective properties. Plaquemines Parish is a proper venue because La. R.S. 13:5104 requires suits against a political subdivision to be filed in the parish of the political 1¿subdivision and because La. C.C.P. art. 4653, relative to a eoncursus, states that venue is mandatory in the parish where the immovable in issue is located.[7]
Our reading of the petitions filed by the parties in both parishes places at issue the ownership of immovable property, but in different contexts. We find that the language of the petition in the St. Bernard litigation places the ownership of a portion of the immovable at issue and will be dispositive of who has the right to the immovable at issue. That is, if Delacroix owns the disputed portion of the immovable, then the injunction against trespass would appropriately issue against Dean and EBLLC. If Dean and/or EBLLC own the disputed portion of the immovable, then the injunction against trespass would fail. Accordingly, a resolution of the issue of ownership of the immovable in the St. Bernard litigation will have res judicata effect on the issue of ownership of the immovable. See La. C.C.P. art. 1061 B and La. R.S. 13:4231- *772 4232; Burguieres v. Pollingue, 2002-1385 (La.2/25/03), 843 So.2d 1049.
Additionally, we find that the addition of Plaquemines Parish Government as a party defendant to the Plaquemines litigation does not defeat Delacroix’s exception of lis pendens. This court has recognized and held that the filing of a new suit naming new and additional parties will not defeat an exception of lis pendens. The party to the earlier filed suit is entitled to have the later filed suit dismissed as to him, and the new parties remain in the later filed suit. See Fincher v. Ins. Corp. of America, 521 So.2d 488 (La.App. 4 Cir.1988); Fire & Cas. Ins. Co. of Connecticut v. Sewerage and Water Board of New Orleans, 2001-0898 (La.App. 4 Cir. 5/29/02), 820 So.2d 632; Building Engineering Services Co. v. State, 441 So.2d 417 (La.App. 4 Cir.1983).
For these reasons, we find that the trial court erred when it failed to sustain the exception of lis pendens[8] in the Plaque-mines litigation and dismiss without prejudice the claims of Dean and EBLLC against Delacroix.
In view of our determination that the trial court should have sustained the exception of lis pendens, we vacate the trial court’s denial of the exceptions of no right and no cause of action. Whether Dean and EBLLC have a right or cause of action must be determined in the St. Bernard litigation when and if Dean and EBLLC file answer therein asserting their rights of ownership. We therefore vacate the trial court’s judgment insofar as it denied those exceptions.
Nothing in our decision affects Dean’s and EBLLC’s claims asserted in the petition for eoncursus against the Plaquemines Parish Government because the rights to the immovable between Dean, EBLLC, and the Plaquemines Parish Government can and must be adjudicated in the Plaque-mines litigation and will not be adjudicated in the St. Bernard litigation. See La. C.C.P. art. 4653 and La. R.S. 13:5104.
LWe remand for further proceedings.
SUPERVISORY WRIT GRANTED; JUDGMENT REVERSED IN PART, RENDERED IN PART, AND VACATED IN PART; REMANDED.

. We are aware from Louisiana’s public records and argument of counsel in brief that on 29 September 2000, Elevating Boats, Inc. was merged into EBLLC.

. From the briefs filed by the parties, water bottoms in the Caernarvon Canal may be located between the Delacroix’s and the Dean and EBLLC's properties. The Plaquemines Parish Government may own these water bottoms.

. We noted that articles 3652 and 3656 refer to venue being proper under article "80(1).” This is, however, an apparent error in drafting because La. C.C.P. art. 80 is divided into parts A, B, C, and D, and only part A has subparts of (1), (2), and (3). We interpret articles 3652 and 3656 as referencing article 80 A(l). Also, we are aware of earlier jurisprudence that holds that the venue for a peti-tory action is the parish in which the immovable is located; that jurisprudence, however, has been overruled by the subsequent enactment of the Code of Civil Procedure and amendments thereto.

.A person who converts a possessory action to a petitory action confesses that his opponent has possession of the property. See La. C.C.P. art. 3657.

. We did not address therein the issue of whether Dean and EBLLC could assert a peti-tory action in a reconventional demand.

. We are aware that Garry v. Zor, Inc., 181 So.2d 828 (La.App. 4 Cir.1966), questioned whether ownership to immovable property can be adjudicated in the context of a petition for eoncursus; however, we find the language is dicta because the case was not a eoncursus proceeding and the express language in La. C.C.P. art. 3654 recognizes that a eoncursus proceeding can address the ownership of immovable property. See also La. C.C.P. art. 4651.

.It appears that Dean and EBLLC filed their suit as a eoncursus because of the mandatory venue provisions of La. C.C.P. art. 4653, all in an effort to change the forum for the trial of the issue of ownership.

. La. C.C.P. art. 531, respecting lis pendens, reads as follows:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.