JOAN BERNARD ARMSTRONG, Chief Judge.
Defendant Delacroix Corporation apr peals and seeks supervisory review of orders issued on May 15, 2004 by the trial court denying Delacroix’s Motion to File Petition of Intervention and Motion for Preliminary Injunction.
On September 30,1999, Delacroix filed a petition in the Thirty-Fourth Judicial District- Court for the Parish of Saint Bernard against Lynn B. Dean (Dean) and Elevating Boats, Inc. (EBLLC) to enjoin trespass-on property claimed by Delacroix in Plaquemines Parish under and adjacent to the Caernarvon Canal. Delacroix Corporation v. Lynn B. Dean and Elevating *48 Boats, Inc., No. 88-790, Division C. Delacroix claimed fee simple ownership of the described property, alleging acquisition from Acme Land and Fur Company, Inc. in 1929. Delacroix claimed to have maintained possession and control of the property at all times. Delacroix contended that Dean owned adjacent property and has trespassed in and on the bottom of Delacroix’s property by storing and maintaining elevating boats, also known as jack-up rigs, many of which allegedly were derelict, in and on the bottom of Delacroix’s property without Delacroix’s permission or consent. This | {¡trespass allegedly interfered with Delacroix’s use of the property and with Delacroix’s efforts to provide the property to the State of Louisiana for use as a free boat launch for its citizens. In 2002, Dean/EBLLC removed the case to federal court and, on Delacroix’s motion, the federal court remanded the case to Saint Bernard.
Dean and EBLLC filed exceptions of no right of action and of failure to join the government of the Parish of Plaquemines (PPG) in the Saint Bernard case. On March 20, 2003, the Saint Bernard court granted Dean/EBLLC’s unopposed motion to refer to the merits their exception of failure to join PPG as an indispensable party.
On March 11, 2003, Dean/EBLLC petitioned for concursus and for a preliminary injunction in the 25th Judicial District Court for the Parish of Plaquemines, naming Delacroix and PPG as defendants. In their petition, Dean/EBLLC claimed ownership of certain property under and adjacent to the Caernarvon Canal established by good faith possession under color of title for a period in excess of ten years and/or by adverse possession for a period in excess of thirty years. Dean/EBLLC sought a temporary restraining order pursuant to La.C.C.P. art. 4660 and a preliminary injunction during the pendency of this action staying proceedings in litigation pending in Saint Bernard, and maintaining the status quo.
Delacroix filed dilatory . exceptions of prematurity, want of amicable demand, unauthorized use of summary proceedings; nonconformity with the | ¡¡requirements of La.C.C.P. art. 891; vagueness and ambiguity; lack of procedural capacity; improper cumulation of actions and discussion. Delacroix filed declinatory exceptions of insufficiency of citation and of service; lis pendens; improper venue; and lack of personal and subject matter jurisdiction. In addition, it filed peremptory exceptions of prescription; res judicata; nonjoinder; no cause and no right of action. Delacroix also filed an opposition to the application for a temporary restraining order, claiming the request was filed solely to delay the April 15, 2003 trial set in the Saint Bernard proceedings.
On March 18, 2003, the Plaquemines trial court denied Dean/EBLLC’s motion for preliminary injunction. On March 25, 2003, the court denied Delacroix’s motion for sanctions.
On April 14, 2003, PPG answered the concursus petition in the Plaquemines proceeding, seeking appointment of an independent expert to survey the August 8, 1917 Act of Sale conveying certain property to the Board of Commissioners of the Caernarvon Drainage District and, ultimately, to be declared owner of the subject property.
On June 13, Delacroix filed its notice of intention to apply for supervisory writs from the Plaquemines court’s order denying Delacroix’s exceptions of lis pendens, no cause of action and no right of action. The copy of the judgment contained in the record on appeal shows the judgment was dated June 20, 2003. In an opinion rendered on August 27, 2003, we granted the *49 writ application insofar as the judgment of the trial court denied the exception of lis pendens against 14Pean/EBLLC, dismissed without prejudice Dean/EBLLC’s claims against Delacroix and vacated the trial court’s judgment insofar as it denied Delacroix’s exceptions of no right of action and no cause of action. Dean v. Delacroix Corporation, 2003-1352 (La.App. 4 Cir. 8/27/03), 853 So.2d 769. We held:
Our reading of the petitions filed by the- parties in both parishes places at issue the ownership of immovable property, but in different contexts. We find that the language of the petition of the Saint Bernard litigation places the ownership of a portion of the immovable at issue and will be dispositive of who has the right to the immovable at issue. That is, if Delacroix owns the disputed portion of the immovable, then the injunction against trespass would' appropriately issue against Dean and EBLCC. If Dean and/or EBLLC own the disputed portion of the immovable, then the injunction against trespass would fail. Accordingly, a resolution of the issue of ownership of the immovable in the Saint Bernard litigation will have res judicata effect on the issue of the ownership of the immovable. See La.C.C.P. art. 1061 B and La.R.S. 13:4231-4232; Burguieres v. Pollingue, 2002-1385 (La.2/25/03), 843 So.2d 1049.
Additionally, we find that the addition of the Plaquemines Parish Government as a party defendant to the Plaquemines litigation does not defeat Delacroix’s exception of lis pendens. This court has recognized and held that the filing of a new suit naming new and additional parties will not defeat an exception of lis pendens. The party to the earlier filed suit is entitled to have the later filed suit dismissed as to him, and the new parties remain in the later filed suit. See Fincher v. Ins. Corp. of America, 521 So.2d 488 (La.App. 4 Cir.1988); Fire and Cas. Ins. Co. of Connecticut v. Sewerage and Water Board of New Orleans, 2001-0898 (La.App. 4 Cir. 5/29/02), 820 So.2d 632; Building Engineering Services Co. v. State, 441 So.2d 417 (La. App. 4 Cir.1983).
For these reasons, we find that the trial court erred when it failed to sustain the exception of lis pendens [citing La. C.C.P. art. 531 in footnote 8] in the Plaquemines litigation and dismiss without prejudice the claims of Dean and EBLLC against Delacroix.
J£ * *
Nothing in. our decision affects Dean’s and .EBLLC’s claims asserted in the petition for concursus against the Plaquemines Parish Government because the rights to the immovable between Dean, EBLLC, and the Plaque-mines Parish Government can and must be adjudicated in the Plaquemines litigation and will not be adjudicated in the Saint Bernard litigation. See La.C.C.P. art. 4653 and La.R.S.13:5104.
Dean, at pp. 4-5, 853 So.2d at 771-772 [Emphasis added.]
On June 20, 2003, the Plaquemines court granted PPG’s motion to appoint an independent expert surveyor. On October .10, 2003, the trial court granted Dean/ EBLLC’s motion to appoint an alternate surveyor. On November 19, 2003, following a telephone status conference, trial was set for March 15, 2004.
On February 20, 2004, the Saint Bernard court rendered- judgment in its lawsuit, following a bench trial held on January 5, 2004. In its reasons for judgment, the court noted that Delacroix claims title to the Caernarvon Canal by a 1929 sale from Acme Land and Fur that conveys, inter alia, property “including the Caernar- *50 von or Phillips Navigation Canal.” Dean/ EBLLC allege this sale was defective because of an August 8, 1917 sale by Phillips Land Company to the Caernarvon Drainage District, which Dean/EBLLC claim conveyed the canal to the District twelve years before the Acme/Delacroix sale. The court noted that Dean/EBLLC sought to enlarge their claim by filing a possesso-ry action alleging acquisitive prescription, a servitude of commercial use and a servitude of implied dedication for public use. After having outlined the property’s conveyance history, the court noted that “it is undisputed that Delacroix took possession on August 7, 1929, more than thirty years before Dean’s purchase on June 9, 1961.” Expert | (¡witnesses on behalf of each of the contending parties examined the chain of title, and the trial court specifically found the analysis and conclusions of Delacroix’s expert to be credible and rejected the conclusions of the expert offered by Dean/ EBLLC.
The court found and Dean/EBLLC’s expert admitted that the 1917 act of sale to the district does not describe the canal such that it can be located and identified, nor does it spell out the intent of the parties with enough clarity to put third parties on notice. The surveyors representing both parties supported the trial court’s findings. The court also accepted the survey annexed to Dean/EBLLC’s 1961 Act of Sale that conformed with the language in the Act noting that the property conveyed was “bounded on the lower or west side by the upper bank of the Navigation Canal of the Phillips Land Company.” The court rejected Dean’s claim that the survey was “phony”. The court found that the title evidence was “overwhelming” and concluded that Dean/EBLLC and the Caernarvon Drainage District do not possess by title the Caernarvon Canal and that Delacroix does.
The Saint Bernard court then addressed Dean’s claim of adverse possession or acquisitive prescription. The court correctly noted that the party alleging acquisitive prescription bears the burden of proving intent to possess as owner and that his possession has been continuous and uninterrupted, peaceable, public, and unequivocal by a preponderance of evidence, with all presumptions being in favor of the title holder. Delacroix Corporation v. Chalin O. Perez-Stella Lands, Inc. and Chalin O. Perez v. Delacroix Corporation, 98-2447 (La.App. 4 Cir. 1711/8/2000), 794 So.2d 862, citing La.C.C. arts. 3424 and 3476; Rathborne v. Hale, 95-1225 (La.App. 4 Cir. 1/19/96), 667 So.2d 1197; Bradford v. Thomas, 344 So.2d 717 (La.App. 2 Cir. 1977). The court found that Dean/ EBLCC failed to meet their burden: they specifically failed to prove continuous and uninterrupted possession for thirty years, and did not make their intent to possess openly and notoriously such as to give Delacroix notice that its property was in jeopardy until September 15, 1998, when they applied for a work permit at that location. The court also rejected the claim that Dean/EBLLC acquired title through ten year acquisitive prescription, finding that neither possessed just title. The court also rejected the servitude claims, finding that Dean/EBLLC failed to show even the slightest intent on the part of the owners to dedicate the property to public use. The court relied in its conclusions on testimony of Dorothy Benge, Michael Far-izo, Donald Ansardi, Brian Clark and others to demonstrate that Delacroix has exercised possession and control over the property by means of regular inspections and patrols by land and water and ongoing commercial activity, including oil and gas development and hunting leases. This testimony, according to the trial court, was supported by documentary and photographic evidence. The court found, as *51 noted in the Perez case, that Delacroix proved that it goes to great lengths to protect its ownership of the land in question and of the thousands of acres of Plaquemines land that it owns.
The court found adequate proof of trespass. Although it also found that Dean/ EBLLC “unduly delayed the trial”, it denied Delacroix’s request for sanctions “in order not to cloud the main issue.” By judgment dated February 19, |R2004, the trial court granted the. motion for preliminary injunction and denied the defendants’ exceptions of no right of action, prematurity and failure to join indispensable parties, and denied the reconventional demand. By final judgment dated March 1, 2004, the trial court granted a permanent injunction. That matter was appealed to this Court in 2004-CA-0899. On April 13, 2005 this Court affirmed the judgment of the trial court, rejecting Dean’s arguments.
On March 3, 2004, in the instant suit, PPG moved for Judgment on the Pleadings pursuant to La.C.C.P. art. 965. PPG contended that Dean/EBLLC alleged in the concursus petition that PPG is a governmental subdivision of the State, that the Caernarvon Drainage District is a political subdivision of the parish, and that PPG is the District’s governing authority. Furthermore, Dean/ EBLLC allege that PPG is the owner of the Caernarvon Canal and adjacent lands. PPG having admitted those allegations, according to the pleadings, PPG is the owner of the water bottoms and related property. PPG notes in its motion that the concursus plaintiffs cannot acquire title as against the State by means of acquisitive prescription.[1]
Having been dismissed from the Plaque-mines litigation by order of this Court, Delacroix sought to intervene and obtain a preliminary injunction in that litigation in order to assert its ownership claim and, according to Delacroix’s pleadings, to thwart the allegedly collusive effort between PPG and Dean/EBLLC to award title to the property to PPG. The trial court having denied these motions; [ flDelacroix comes before this Court on application for supervisory writ in 2004-C-0593 and on appeal in 2004-CA-0831.[2] On March 25, 2004, -the Plaquemines trial court denied Delacroix’s motion to stay the instant litigation pending the writ and appeal process. On April 12, 2004, this Court ordered all proceedings in the Plaquemines proceeding to be stayed pending further orders from this Court, and ordered the respondents to file a response to the relator’s writ application by Friday, April 16, 2004.[3]
Delacroix assigns as error the trial court’s refusal to allow it to intervene in the concursus to assert its rights as they were established by the March 1, 2004 Final Judgment of the Saint Bernard court and the August 27, 2003 decision of this Court.
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of a pending action. La. C.C.P. art. 1091. We have interpreted this to mean that the right to intervene requires the existence of a justiciable cause between the parties that is related to or connected with the facts of the principal demand where a judgment on the principal *52 demand will have a direct impact on the intervenor’s rights. Harvey v. Cole, 2002-1704, p. 7 (La.App. 4 Cir. 4/30/03), 845 So.2d 591, 596. This procedure allows the intervenor to protect himself from prejudice or avoid multiplicity of actions. City of Natchitoches v. State, 221 So.2d 534, 541 (La.App. 3 Cir.1969).
ImDelacroix has a clear and vital interest in asserting its rights as definitively established in the Saint Bernard court’s final judgment. His right to intervene in the Plaquemines Parish suit is particularly significant in light of the absence in this record of an opposition by Dean/EBLLC to PPG’s motion for judgment on the pleadings, a judgment that, if rendered, would be in direct derogation of Delacroix’s property rights as established in the Saint Bernard litigation.
PPG contends in brief that allowing Delacroix’s intervention in the Plaquemines suit will prejudice its rights to assert ownership in the subject property. Delacroix’s intervention to assert its claim to the property does not in any way prejudice or adversely affect PPG’s opportunity to assert whatever basis it may have in fact or in law for its own assertion of ownership. That is consistent with our opinion in Dean v. Delacroix Corporation, supra.
The record does not contain written reasons for judgment supporting the judgments herein on appeal. However, the trial court orally assigned the following:
For the reasons argued in your Opposition. One: That the matter is Saint Bernard is on appeal. Two: Because of the untimeleness of the filing of your intervention ... I am going to deny your intervention.
The trial court accepted Dean/ EBLLC’s argument that our decision recognizing Delacroix’s lis pendens exception in Dean v. Delacroix Corporation, supra, precludes the intervention. Lis pendens, however, is a declinatory exception provided to defendants by La.C.C.P. art. 925 prior to final judgment. It is not available to plaintiffs. Exceptions, according to La.C.C.P. art. 921, are methods by which a defendant may retard, dismiss or defeat an action brought against it.
[ uWe find no basis in the record for the trial court’s assertion that the petition for intervention was untimely. The Saint Bernard final judgment on the permanent injunction was rendered on March 1, 2004, and at that point, Delacroix was vested with the right to appear in the concursus proceeding. Delacroix’s petition to intervene was filed on March 4, 2004, three days following entry of the judgment establishing its right in and to the property that is the subject of the concursus proceeding.
Delacroix assigns as error the trial court’s denial of its request for a preliminary injunction enjoining Dean/EBLLC’s further prosecution of this case and staying a trial on the merits. We note that on April 12, 2004, this Court entered a stay of the Plaquemines proceedings. The record includes the trial court’s statement that in the event that this Court were to issue a stay, the trial court would not decide the case. This issue is moot.
For the foregoing reasons, we grant Delacroix’s application for supervisory writ and reverse the orders of the trial court denying Delacroix’s motion to intervene and for a preliminary injunction.
WRIT GRANTED; JUDGMENT REVERSED; CASE REMANDED.

. We note that Dean/EBLLC also claim to have acquired title through the liberative prescription of thirty years.

. These matters have been consolidated.

.As of the date of this opinion, respondents did not file a response. We have considered their appellate briefs to be their response to the writ application.