**THOMAS NIETO**                           *        NO. 2024-C-0293

**VERSUS**                                 *

                                           **COURT OF APPEAL**

**JENNIFER DODD AND MAIN**          *

**SQUEEZE JUICE HOLDINGS,**          **FOURTH CIRCUIT**

**LLC**                                    *

                                           **STATE OF LOUISIANA**

* * * * * * *


APPLICATION FOR EMERGENCY WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-03838, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)


Rebecca Sha
David Korn
Clerc Cooper
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

      COUNSEL FOR DEFENDANTS/RELATORS


Martin L. Morgan
222 North Vermont Street, Suite N
Covington, LA 70433

      COUNSEL FOR PLAINTIFF/RESPONDENT


                        **WRIT GRANTED;**
                        **JUDGMENT REVERSED;**
                        **STAY LIFTED**
                        **MAY 20, 2024**

Relators, Jennifer Dodd and Main Squeeze Juice Holdings, LLC, seek emergency supervisory review of the trial court's May 16, 2024 ruling denying an exception of *lis pendens*.[1] After consideration of the writ application before this Court and the applicable law, we grant the writ and reverse the trial court's ruling denying the exception of *lis pendens*. The stay issued by this Court on May 17, 2024, is hereby lifted.

## Facts and Procedural History

The underlying facts of this case arise from a conflict between members of a juice and smoothie franchise, the company was originally established in New Orleans, Louisiana in 2017. On June 6, 2022, Squeeze Holdings, LLC and CCG MSJC, LLC became co-owners of Main Squeeze Juice Holdings, LLC. The same day, an operating agreement was executed for the newly formed entity Main Squeeze Juice Holdings, LLC, that set forth the operations and managerial structure.

On March 20, 2024, Respondent, Thomas Nieto (hereinafter "Mr. Nieto"), an owner, Board Manager and Chief Executive Officer of Main Squeeze Juice Holdings, LLC was removed as Chief Executive Officer. Subsequently, Main Squeeze Juice Holdings, LLC named Jennifer Dodd (hereinafter "Ms. Dodd") as Chief Executive Officer.

---

[1] Jennifer Dodd and Main Squeeze Juice Holdings, LLC will be referred to collectively as "Relators" in several sections of this opinion.

Mr. Nieto challenged the company's changes and filed a petition seeking a temporary restraining order, preliminary and permanent injunction (hereinafter "First Filed Proceeding") on March 25, 2024, alleging that his removal as Chief Executive Officer of Main Squeeze Juice Holdings, LLC was improper and that several actions taken by the company's board was a breach of the company's operating agreement.[2] Mr. Nieto named the following defendants in the First Filed Proceeding: DCCG MSJC, LLC; Conscious Capital Growth, LLC; Heather Elrod; Christo Demetriades; and Main Squeeze Juice Holdings, LLC.[3] On the same date, the trial court granted the temporary restraining order under La. C.C.P. art. 3603(A). Mr. Nieto posted the required bond and the trial court set a rule to show cause, for April 2, 2024, as to why the preliminary and permanent injunction should not be issued. On April 1, 2024, Relators removed the First Filed Proceeding to federal court. Mr. Nieto subsequently moved to remand the matter to state court, which was granted on May 16, 2024. The removal of the case to federal court stayed the April 2, 2024, injunction hearing.

On April 30, 2024, Mr. Nieto filed a petition for a writ of *quo warranto* (hereinafter "Second Filed Proceeding"). Mr. Nieto sought a declaration that Ms. Dodd has no legal right to the office of Chief Executive Officer; that Main Squeeze Holdings LLC exceeded its powers in employing Ms. Dodd; and to prohibit Main Squeeze Juice Holdings LLC from continuing "wrongful and *ultra vires* activities." Mr. Nieto named Ms. Dodd and Main Squeeze Juice Holdings, LLC as defendants.

---

[2] The other plaintiffs in the petition for temporary restraining order and preliminary and permanent injunction are Julie Canseco and Squeeze Holdings, LLC (which is owned in part and operated by Thomas Nieto and Julie Canseco).

[3] CCG MSJC, LLC and plaintiff Squeeze Holdings, LLC are members of Main Squeeze Juice Holdings, LLC. Heather Elrod and Christo Demetriades are the owners and operators of Conscious Capital Growth, LLC, which is the sole owner of CCG MSJC, LLC.

2

On May 8, 2024, in response to the Second Filed Proceeding, Relators filed an exception of *lis pendens* arguing that the Second Filed Proceeding is an attempt by Mr. Nieto to raise issues previously raised in the First Filed Proceeding. Mr. Nieto opposed the exception arguing that the requirements of *lis pendens* are not satisfied because Ms. Dodd is not a named party in the First Filed Proceeding.

On May 16, 2024, the trial court heard the matter and issued a ruling, in open court, denying the exception of *lis pendens* and setting the *quo warranto* for 11:00 a.m. the next day. This application for emergency supervisory review followed. We issued a stay order to afford Mr. Nieto an opportunity to file an opposition.

## Discussion

"A trial court's ruling on an exception of *lis pendens*, pursuant to La. C.C.P. art. 531, presents a question of law; thus, it is reviewed *de novo*." *TMF Hotel Properties, L.L.C. v. Crescent City Connections 501(C) 7 Gris-Gris Pleasure Aide & Soc. Club*, 2018-0079, p. 4 (La.App. 4 Cir. 11/28/18), 318 So.3d 756, 760. "If the decision of the district court is based upon an erroneous application of the law rather than on a valid exercise of discretion, then the decision is not due deference by the reviewing court." *Krecek v. Dick*, 2013-0804, pp. 3-4 (La.App. 4 Cir. 2/19/14), 136 So.3d 261, 264 (citation omitted).

In order to grant an exception of *lis pendens*, three elements must be satisfied: (1) two or more suits pending; (2) the pending suits involve the same transaction or occurrence; and (3) the pending suits involve the same parties in the same capacities. La. C.C.P. art. 531; *Dave v. Witherspoon*, 2020-0239, pp. 4-5 (La.App. 4 Cir. 11/4/20), 310 So.3d 593, 596 (citations omitted). In the event the

3

all three elements are met, "the defendant may have all but the first action dismissed by excepting thereto as provided by Article 925." La. C.C.P. art. 531.

The first two requirements for *lis pendens* are not disputed. Both lawsuits were filed by Mr. Nieto and are currently pending in Division L of Civil District Court for the Parish of Orleans- the First Filed Proceeding/ Injunction Suit and the Second Filed Proceeding/ Writ of *Quo Warranto.* Both lawsuits require judicial review of Main Squeeze Juice Holdings LLC's 2022 operating agreement and the issue of whether the company was authorized to terminate Mr. Nieto and replace him with Ms. Dodd. In addition, Mr. Nieto challenges his removal as Chief Executive Officer of Main Squeeze Juice Holdings, LLC. In the First Filed Proceeding, Mr. Nieto asserts that the company wrongfully removed him as a board member and Chief Executive Officer, in violation of the company's operating agreement. Similarly, in the Second Filed Proceeding, Mr. Nieto maintains that the company improperly appointed Ms. Dodd as Chief Executive Officer and unlawfully removed him from the position in violation of the company's operating agreement. The central issues of both lawsuits involve the operating agreement, Mr. Nieto's removal, and Ms. Dodd's appointment as Chief Executive Officer. Thus, we find the second element satisfied.

The third element requires additional analysis. Mr. Nieto concedes that the parties are the same relative to those named in their capacities to Main Squeeze Juice Holdings, LLC in both proceedings. However, because Ms. Dodd was not a named party in the First Filed Proceeding, Mr. Nieto argues *lis pendens* does not apply. We disagree with Mr. Nieto's contention and find Ms. Dodd's exclusion from the First Filed Proceeding is not the sole determinative factor relative to *lis pendens*. "[T]he filing of a new suit naming new and additional parties will not

4

defeat an exception of *lis pendens*." *Dean v. Delacroix Corp.*, 2003-1352, p. 4 (La.App. 4 Cir. 8/27/03), 853 So.2d 769, 772. La. C.C.P. art. 531 "requires suits be 'between the same parties'; however, it does not require a determination of when each objecting defendant became a party to each suit." *Saulsbury Indus., Inc. v. Cabot Corp.*, 2022-01162, pp. 1-2 (La. 11/1/22), 348 So.3d 1267, 1267. "A person has the same 'quality' when he or she appears in the same capacity in both suits or when he or she is privy to a party in the prior suit." *TMF Hotel Properties, L.L.C.*, 2018-0079, p. 11, 318 So.3d at 764 (citation omitted); *See Welch v. Crown Zellerbach Corp.*, 359 So.2d 154, 156 (La. 1978) (observing that "identity of parties" means that "the parties must appear in the same capacities in both suits" but that "[i]dentity of parties can also be satisfied when a privy of one of the parties is involved"). "'Privy,' in this context, has been defined as encompassing 'representatives and successors, including any person having a legal right or interest in the subject matter of the prior suit derived through succession or assignment from the litigant who asserted the right; or any person whose legal right or interest in the subject matter of the prior suit was asserted by his legal representative.'" *TMF Hotel Properties, L.L.C.*, 2018-0079, p. 11, 318 So.3d at 764 (quoting *Furie Petroleum Co., L.L.C. v. SWEPI, LP*, 49,462, pp. 11-12 (La.App. 2 Cir. 11/19/14), 152 So.3d 255, 262.

The federal rule on identity of parties has been summarized by this Court in *Armbruster v. Anderson*, 2018-0055, p. 11 (La.App. 4 Cir. 6/27/18), 250 So.3d 310, 318, observing:

> For purposes of federal res judicata, the contours of the requirement that the parties be the same have been defined as follows:
>
> "[P]arties" for purposes of res judicata does not mean formal, paper parties only, but also includes " 'parties in interest, that is, that

5

persons whose interests are properly placed before the court by someone with standing to represent them are bound by the matters determined in the proceeding.' " (quoting 1B J. Moore, Moore's Federal Practice, P.O. 411[1] at 390–391 (2d ed. 1983) ) (emphasis supplied). A non-party is in privity with a party for res judicata purposes in three instances. First, if he has succeeded to the party's interest in property, he is bound by prior judgments against the party. Second, if he controlled the prior litigation, he is bound by its result. Third, he is bound if the party adequately represented his interests in the prior proceeding.

*Armbruster*, *supra (*quoting *Latham v. Wells Fargo Bank, N.A*., 896 F.2d 979, 983 (5th Cir. 1990)).

In the case *sub judice*, Mr. Nieto added Ms. Dodd as a defendant, in her capacity as Chief Executive Officer of Main Squeeze Juice Holdings, LLC, to the Second Filed Proceeding. Applying the jurisprudential rules of identity of parties requires this Court to consider the underlying issues in both lawsuits. Mr. Nieto challenges his removal as Chief Executive Officer of Main Squeeze Juice Holdings, LLC in both lawsuits; and Mr. Nieto asserts that the company wrongfully removed him as a board member and Chief Executive Officer, in violation of the company's operating agreement. Similarly, in the Second Filed Proceeding, Mr. Nieto maintains the company improperly appointed Ms. Dodd as Chief Executive Officer and unlawfully removed him from the position in violation of the company's operating agreement. Ms. Dodd's position as Chief Executive Officer of Main Squeeze Juice Holdings LLC is intertwined with the claims asserted in the First Filed Proceeding. Thus, we find the third element of *lis pendens* is satisfied. *See Dean*, 2003-1352, p. 4, 853 So.2d at 772.

Based on the above, we find all the elements of *lis pendens* satisfied. We therefore grant Relators' application for emergency supervisory review and reverse

6

the trial court's May 16, 2024 ruling denying of Relators' exception of *lis pendens*.

The stay issued by this Court on May 17, 2024 is hereby lifted.

**WRIT GRANTED;**
**JUDGMENT REVERSED;**
**STAY LIFTED**

7