926 So.2d 582 (2006)
Robert R. REVEL
v.
Essie CHARAMIE.
No. 2005-CA-0976.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 2006.
*583 Robert W. Grant, Grant & Barrow, Gretna, Counsel for Plaintiff/Appellant.
Peter A. Barbee, Metairie, Counsel for Defendant/Appellee.
(Court composed of Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO Jr., Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
Robert R. Revel (Mr. Revel) appeals the trial court's granting of an exception of lis pendens. We affirm the judgment of the trial court, finding that the requisite elements, which allow for the granting of an exception of lis pendens are applicable to the case sub judice.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On May 5, 2003, Robbie Lee Bailey Overstreet ("Ms. Bailey"), as one of the co-owners[1] of the property located at 140 Lonnie's Lane in Venice, Louisiana, obtained a judgment of eviction against Essie Cheramie ("Ms. Cheramie") and Carol Crosby ("Ms. Crosby") who lived in a trailer located on the property, which is the subject matter of the instant litigation.[2] Ms. Cheramie and Ms. Crosby appealed the eviction to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, which was denied as untimely.[3]
On May 29, 2003, Ms. Cheramie and Ms. Crosby filed a possessory action against Ms. Bailey, asserting that they were disturbed in their peaceable possession by virtue of the rule for eviction filed May 5, 2003. In response, Ms. Bailey filed an exception of res judicata, an answer, and reconventional demand. The trial court granted the exception of res judicata and reserved Ms. Bailey's right to proceed on the reconventional demand. Ms. Cheramie and Ms. Crosby filed a motion for new trial, which was granted and the exceptions were reset for hearing. However, the record is absent as to whether there was a ruling on the exceptions.
On May 11, 2004, Ms. Bailey and her co-owners sold the property in question to Robert R. Revel ("Mr.Revel") for $23,000.00. On November 18, 2004, Mr. Revel filed a petition for possession against Ms. Cheramie, asserting that his peaceable possession of the property was disturbed by virtue of Ms. Cheramie's refusal to leave the property.[4] In response, Ms. Cheramie filed an exception of lis pendens due to the fact that the possessory action she filed naming Ms. Bailey as defendant was still pending. Ms. Crosby was not named in the exception of lis pendens. On April 21, 2005, the exception of lis pendens was granted in favor of Ms. Cheramie. The trial court granted the exception based on the pending reconventional demand in Ms. Cheramie's possessory action. Mr. Revel's timely devolutive appeal followed.
*584 On appeal, Mr. Revel avers that the trial court erred in granting the exception of lis pendens because the two actions, i.e., Ms. Cheramie's possessory action and Mr. Revels petition for possession against Ms. Cheramie, involve different parties and different causes of action. More specifically, Mr. Revel asserts that the action filed by Ms. Cheramie and Ms. Crosby is a possessory action of the trailer, not the immovable property, whereas his petition claims a possessory action of the immovable property. Mr. Revel further avers that there are different parties in each of the suits because Mr. Revel's action names only Ms. Cheramie, and not Ms. Crosby. Mr. Revel maintains that Ms. Crosby does not live on the property and, therefore, has no interest in these proceedings.
Ms. Cheramie counters that both actions center on her occupation of the land. Moreover, Ms. Cheramie argues that Mr. Revel's failure to name Ms. Crosby as a defendant in his action does not defeat the exception of lis pendens.

STANDARD OF REVIEW
The standard of review of appellate courts in reviewing a question of law is simply whether the court's interpretative decision is legally correct. Phoenix Assur. Co. of New York v. Shell Oil Co., 611 So.2d 709, 712 (La.App. 4th Cir.1992). Furthermore, if the decision of the district court is based on an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-1072 (La.1983).

LIS PENDENS
La. C.C.P. art. 531 governs lis pendens and states:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
The test for ruling on an exception of lis pendens is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Domingue v. ABC Corp., 96-1224, p. 3 (La.App. 4 Cir. 6/26/96), 682 So.2d 246, 248. The exception of lis pendens has the same requirements as the exception of res judicata and is properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities. Id.
The first requirement for granting an exception of lis pendens is that there are two or more suits pending. Glass v. Alton Ochsner Medical Foundation, XXXX-XXXX, p. 4 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, 406. In the case sub judice, there are two suits pending in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines. Thus, the requirement that there exist two or more pending cases has been met.
The second requirement for granting lis pendens is that the suits involve the same transaction or occurrence. Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc., 97-28, p. 5 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060, citing Comment (a) to La. R.S. 13:4231.[5] We find that both *585 actions clearly arise out of the same occurrence, i.e., Ms. Cheramie's occupation of the property located at 140 Lonnie's Lane in Venice, Louisiana.
The third requirement for granting lis pendens is that the suits involve the same parties in the same capacities. The "identity of parties" prerequisite for res judicata does not mean that the parties must be the same physical or material parties, so long as they appear in the same quality or capacity. Berrigan v. Deutsch, Kerrigan & Stiles, L.L.P., 01-612, p.6 (La. App. 4 Cir. 1/2/02), 806 So.2d 163, 167. The only requirement is that the parties be the same "in the legal sense of the word." Id. at p. 6, 806 So.2d at 167.
In the present matter, Mr. Revel, as purchaser of the property, is the legal successor to Ms. Bailey and her co-owners and, therefore, the same party, "in the legal sense of the word." Accordingly, we find that the "identity of parties" requirement has been met in this case.
Furthermore, we find that the failure to name Ms. Crosby in the second suit does not defeat the exception of lis pendens as to Ms. Cheramie. In Building Engineering Services Co., Inc. v. State of Louisiana, 441 So.2d 417, 421 (La.App. 4 Cir.1983), this Court held that res judicata would apply to the issue fully litigated by the common parties of the first and second suits regardless of whether defendants were added or omitted in one of the suits, provided that the parties added or omitted were not "critical to the resolution of issues between the parties in the first suit." Id. 441 So.2d at 421. "By analogy, the identity of parties requirement for lis pendens is also not an absolute requirement, but turns on whether the parties added or omitted would be necessary to reach a judgment on all of the issues asserted against the common parties in both suits." Fincher v. Insurance Corporation of America, 521 So.2d 488, 490 (La.App. 4 Cir.1988). See also Fire and Cas. Ins. Co. of Connecticut v. Sewerage and Water Bd. of New Orleans, XXXX-XXXX, p. 7 (La. App. 4 Cir. 5/29/02), 820 So.2d 632, 635. Under this rationale, the test for lis pendens is satisfied as to the common parties in the pending suits, namely Ms. Cheramie and Mr. Revel.
We find that the trial court, in the two different proceedings, were asked to make factual determinations as to issues based on the same occurrence between the same parties in the same capacities within the meaning of La. C.C.P. art. 531. Accordingly, Ms. Cheramie is entitled under the doctrine of lis pendens to have the second suit dismissed.

DECREE
For the foregoing reasons, we affirm the trial court's judgment granting the exception of lis pendens in favor of Ms. Cheramie.
AFFIRMED.
CANNIZZARO, J., dissents with reasons.
*586 CANNIZZARO, J. Dissents with Reasons.
I respectfully dissent from the majority opinion. I would reverse the trial court judgment.
Robbie Lee Bailey Overstreet, who at the time owned the property located at 140 Lonnie's Lane in Venice, Louisiana in indivision with others, obtained a judgment of eviction against Essie Cheramie and Carol Crosby, who apparently lived in a trailer they owned on the property. Ms. Cheramie and Ms. Crosby appealed the judgment of eviction, but the appeal was dismissed as being untimely filed.
Rather than vacating the property at 140 Lonnie's Lane as they were required to do pursuant to the judgment of eviction, Ms. Cheramie and Ms. Crosby filed a possessory action against Ms. Overstreet. La. Civil Code art. 3440 provides that "[w]here there is a disturbance of possession, the possessory action is available to a precarious possessor, such as a lessee or a depository, against anyone except the person for whom he possesses." Paragraph (b) of the Revision Comments1982 state that the possessory action is not available to a lessee against a lessor. In the possessory action, Ms. Cheramie and Ms. Crosby sought an injunction allowing them to remain on the premises at 140 Lonnie's Lane during the pendency of the action, and they sought a judgment granting them possession of the property.
In response to the possessory action, Ms. Overstreet filed an exception of res judicata, based on the judgment of eviction, and exceptions of no right of action, no cause of action, and vagueness. An affirmative defense, asserting that lessees do not have the requisite possession to maintain a possessory action against a lessor, was also raised. Finally, Ms. Overstreet filed a reconventional demand against Ms. Cheramie and Ms. Crosby in which she alleged that a preliminary injunction was improperly granted to them without bond by an ex parte order of the court. Ms. Overstreet sought either to have them furnish security for the preliminary injunction or to have the preliminary injunction dissolved. In the reconventional demand she also sought an award of damages for the wrongful issuance of the preliminary injunction.
After a hearing on Ms. Overstreet's exception of res judicata, the trial court judge ordered that the exception be maintained and that the possessory action be dismissed with prejudice. The preliminary injunction was also dissolved in the judgment. Ms. Overstreet's right to proceed with her reconventional demand for damages was reserved in the judgment.
After the possessory action was dismissed, Ms. Cheramie and Ms. Crosby filed a motion for a new trial, and the motion was granted. Approximately a month later, the property at issue in the possessory action was sold by Ms. Overstreet and the other co-owners of the property to Robert R. Revel.
After he acquired the property, Mr. Revel filed a petition for possession. In the petition he alleged that Ms. Cheramie[1] had refused to vacate the property or to pay rent and had disturbed his peaceable possession of the property. Mr. Revel sought possession of the property as its owner and sought to have Ms. Cheramie evicted. He also sought a preliminary injunction restraining Ms. Cheramie and her family members, agents, and employees from threatening, harassing, or injuring him.
In response to Mr. Revel's petition for possession, Ms. Cheramie filed a declinatory *587 exception of lis pendens, based on the possessory action that she and Ms. Crosby had filed. The trial court judge granted the exception of lis pendens. In his reasons for judgment, the judge stated that in their possessory action, Ms. Cheramie and Ms. Crosby had asserted "their ownership of a disputed parcel of property." He further stated that Ms. Overstreet was granted the right to proceed on the reconventional demand that was filed. Therefore, the trial court judge concluded that any dispute regarding the property could be resolved in the earlier possessory action.
Mr. Revel is now appealing the decision granting the exception of lis pendens. I think that his appeal has merit. The reconventional demand filed by Ms. Overstreet in response to the possessory action by Ms. Cheramie and Ms. Crosby sought: (1) security to be furnished in connection with the preliminary judgment or, alternatively, dissolution of the preliminary injunction; and (2) damages for the wrongful issuance of the preliminary injunction. The reconventional demand did not seek either a determination regarding the ownership or possession of the property or an eviction, which were the things that Mr. Revel's petition for possession sought. Additionally, Mr. Revel is not a defendant in the possessory action filed by Ms. Cheramie and Ms. Crosby. The record does not reflect that he has ever been added to that case as a defendant or that he has ever been served in that case. Just because one of the prior owners of the property was a defendant in the possessory action does mean that Mr. Revel was automatically substituted as a defendant when he acquired the prior owner's interest in the property.
For those reasons discussed above, I do not think that the exception of lis pendens should have been granted. I would reverse the trial court ruling.
NOTES
[1] Prior to its sale on May 11, 2004, Ms. Bailey co-owned the immovable property with Jean Ann Bailey Cone Duet and Craig S. Bailey.
[2] There is some dispute as to whether Ms. Crosby actually lived in the trailer on Ms. Bailey's property or whether she lived on the adjoining property.
[3] The matter is entitled Robbie Lee Bailey Overstreet v. Essie Cheramie and Carol Crosby and numbered 49-942, Division A, in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines.
[4] The matter is entitled Robert R. Revel v. Essie Cheramie and numbered 51-919, Division B, in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines.
[5] Comment (a) to La. R.S 13:4231, in pertinent part, reads:

The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. This prevents needless relitigation of the underlying facts and will free the defendant from vexatious litigation; and, by focusing on the transaction or occurrence which would be comparatively easy to determine, this proposal avoids the much more difficult problem of defining what constitutes "cause of action" is avoided. For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.
[1] Ms. Crosby was not named as a defendant in Mr. Revel's petition for possession.