JOY COSSICH LOBRANO, Judge.
| ¡This appeal arises from a dispute involving three attorneys and their respective law firms over a division of fees from a class action lawsuit. The plaintiffs, Robert L. Manard, III, and Robert L. Manard, III, PLC, appeal a trial court judgment sustaining an exception of lis pendens raised by the defendants, Timothy J. Falcon, Falcon Law Firm, PLC, Frank M. Buck, Jr., and Frank M. Buck, Jr., PLC. For the following reasons, we reverse the trial court judgment and remand the case for further proceedings.
On December 20, 2002, Mr. Falcon and Mr. Buck filed a class action lawsuit in Civil District Court for the Parish of Orleans titled Warren Lester, et al. v. Exxon Mobil Corporation, et al., C.D.C. No. 2002-19657, Division N (“Lester”).[1] In April 2003, Mr. Manard filed a petition to intervene in the suit, asserting a claim for a share of the attorneys’ fees. The trial court stayed the intervention, because it had not yet scheduled the matter for trial and no attorneys’ fees had been awarded.
| ¡At some point, the trial court divided the Lester plaintiffs’ claims into groups or “flights” for purposes of trial. One flight, the “French Jordan Flight” consisted of the claims by workers who allegedly had radiation exposure from cleaning pipes at the French Jordan/ Shield Coat yard in Houma, Louisiana.
Prior to trial, Mr. Falcon and Mr. Buck settled the claims of the French Jordan Flight plaintiffs. Mr. Manard then re-urged his petition for intervention, asserting a claim for a share of the attorneys’ fees generated from the French Jordan Flight settlement. Mr. Falcon and Mr. *3 Buck filed a motion to dismiss the petition for intervention, arguing that Mr. Manard was not entitled to a portion of the attorneys’ fees in the Lester case because he was not a party to any written contingency fee contract with any of the plaintiffs, citing deReyna v. Pennzoil Exploration, 2004-97 (La.App. 3 Cir. 8/4/04), 880 So.2d 124, writ denied, 2004-2261 (La.11/19/04), 888 So.2d 197. In response, Mr. Manard argued that his petition for intervention asserted not only a claim to a share of the contingency fee, but also claims of unjust enrichment and quantum meruit.
Following a hearing on November 6, 2009, the trial court rendered a judgment on December 10, 2009, that stated, in part, “IT IS HEREBY ORDERED that the Motion to Dismiss Intervention of Robert L. Manard, [III] individually and Robert L. Manard, [III,] PLC is GRANTED with prejudice with each party to bear its own costs.” However, in the heading (not the body) of the judgment, immediately under the case name, it stated, “FRENCH JORDAN FLIGHT ONLY” (emphasis in original). Mr. Manard did not seek review of the December [olO, 2009 judgment, and it became final and definitive. Thereafter, Mr. Manard filed a motion to lift the stay of the petition for intervention in the Lester case as to the remaining plaintiffs’ claims. The trial court denied the motion.[2]
Meanwhile, on November 5, 2009, Mr. Manard and Robert L. Manard, III, PLC filed a petition for breach of contract against Mr. Falcon, Mr. Buck and their respective law firms, asserting claims of breach of contract, unjust enrichment, and quantum meruit.[3] According to the petition, in June 2001, Mr. Falcon contacted Mr. Manard to assist him in representing individuals who were exposed to NORM while cleaning contaminated oilfield pipes. At the time, Mr. Manard employed Mr. Buck as an attorney at his firm, Robert L. Manard, III, PLC. Mr. Falcon proposed a joint venture to divide efforts, allocate resources, and lessen the burden of litigating a class action lawsuit. Pursuant to the joint venture, Mr. Falcon would fund 75% of the litigation costs and Mr. Manard 25%. Regarding attorneys’ fees, Mr. Falcon would receive 55% of the fees and Mr. Manard would receive the remaining 45%. In turn, Mr. Manard would pay Mr. Buck 44% of his 45% fee. The petition further alleged that after Mr. Falcon and Mr. Ma-nard orally agreed to the joint venture in October 2001, Mr. Manard sent him a capital contribution check in the amount of $2,311.50 and paid advertising and other litigation costs. On February 13, 2002, Mr. Falcon attempted to dissolve the joint venture, and in March 2002, he returned the capital contribution check to Mr. |4Manard uncashed. Meanwhile, Mr. Buck terminated his employment with Robert L. Manard, III, PLC, and formed his own professional corporation, Frank M. Buck, Jr., PLC.
In response, the defendants raised decli-natory exceptions of lis pendens and insufficiency of service of process, as well as peremptory exceptions of no cause of action, res judicata and prescription.
At a hearing on the exceptions, the defendants argued that lis pendens applied because the petition for breach of contract filed by Mr. Manard in the instant case was identical to his petition for interven *4 tion in the Lester case. Mr. Manard, on the other hand, argued that the petitions were not the same. He explained that his petition for intervention in Lester was dismissed only as to the French Jordan Flight plaintiffs, because he was not a party to any of their written contingency fee contracts. He argued that the underlying petition for breach of contract asserted alternative theories of recovery, i.e., breach of contract, unjust enrichment and quantum meruit as to the French Jordan Flight claims and the other Lester plaintiffs’ claims in which he was not a party to the contingency fee contracts. After reviewing the petition for intervention in Lester and the underlying petition for breach of contract, the trial court concluded they were identical and rendered a judgment, sustaining the exception of lis pendens, pretermitting a ruling on the other exceptions. This appeal followed.
The standard of review on appeal of a ruling on an exception is the manifest error — clearly wrong standard. See Guitreau v. Kucharchuk, 99-2570, p. 8 (La.5/16/00), 763 So.2d 575, 580-81, citing Stobart v. State of Louisiana, through Department of Transportation and Development, 92-1328 (La.4/12/93), 617 So.2d 880.
Louisiana Code of Civil Procedure article 531, relative to lis pendens, provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in La. Code Civ. Proc. Ann. Art. 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
For lis pendens to be maintained the object of the suit needs to be the same in both suits. Estilette v. Rogers, 301 So.2d 372 (La.App. 4th Cir.1974). The test for lis pendens is to determine whether a final judgment in the first suit would be res judicata in the second suit. Glass v. Alton Ochsner Medical Foundation, 2002-0412, p. 4 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, 406.
Res judicata is an issue preclusion device whose purpose is to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624, 631. Under Louisiana law, after a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. Cochrane v. Louisiana Tax Commission, 2004-1671, p. 7 (La.App. 4 Cir. 5/18/05), 905 So.2d 353, 358; La. R.S. 13:4231; La.C.C.P. art. 425[4]. Louisiana’s res judicata statute, La. R.S. 13:4231, provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
*5 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The Louisiana Supreme Court set forth five criteria that must be met for a matter to be considered res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 2002-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053.
In the instant case, there is no dispute that the first two requirements of La. R.S. 13:4231, the existence of a valid and final judgment, are met (the Decem-berJjlO, 2009 judgment). Also, the third criterion is met, as Mr. Manard named Mr. Falcon, Falcon Law Firm, PLC, Mr. Buck and Frank M. Buck, Jr., PLC, as defendants in both the Lester suit intervention claim and the present breach of contract suit. The fourth criterion is satisfied because the causes of action (breach of contract, unjust enrichment and quantum me-ruit) asserted in the present suit existed at the time of the final judgment in the first litigation (the Lester suit intervention claim). The fifth criterion is also satisfied. The cause of action asserted in the second suit arose out of the same transaction or occurrence that was the subject matter of the intervention: Mr. Manard filed the present breach of contract suit for remuneration for services rendered in the Lester case. Thus, based upon the foregoing analysis, it would appear that the matter is res judicata.
However, La. R.S. 13:4231(3) provides that a judgment in favor of either the plaintiff or the defendant is conclusive in any subsequent action between them with respect to any issue actually litigated and determined. In the present case, no court has litigated and rendered a judgment on Mr. Manard’s claims of breach of contract, unjust enrichment and/or quantum meruit. The record indicates the trial court rendered the December 9, 2009 judgment, dismissing Mr. Manard’s intervention in the Lester suit only as to the French Jordan Flight plaintiffs’ claims, solely because he was not a party to their contingency fee contracts. Thus, the December 9, 2009 judgment, although final, is not res judica-ta as to Mr. Manard’s breach of contract suit arising from the defendants’ representation of the Lester plaintiffs, including the French Jordan Flight plaintiffs. Absent a finding of res judicata to bar this second suit, we find the trial court erred in sustaining the defendants’ exception of lis pendens.
| sFinally, we note that the defendants have raised the exception of prescription in their appellee brief in the event we reverse the trial court’s sustaining of the exception of lis pendens. They argue that Mr. Ma-nard’s breach of contract suit is merely a claim for compensation for services rendered that has prescribed because more than three years have elapsed between the work he performed and the date he filed *6 his suit, citing La. C.C. art. 3494(1)[5].
Mr. Manard has acknowledged in his appeal brief that his claim for damages for breach of contract, unjust enrichment and quantum meruit for work he allegedly performed in the Lester suit is derived from the written contingency fee contracts between the defendants herein and the Lester plaintiffs. In a contingency fee agreement between a plaintiff and his attorney, the three year prescriptive period provided in La. C.C. art. 3494 does not commence until the payment has been realized. See La. C.C. art. 3495 (“This prescription commences to run from the day payment is exigible”). In the context of a contingency fee, the payment of the attorneys’ fees becomes exigible when the plaintiffs underlying claim is paid. In this case, the three-year prescriptive period for Mr. Manard’s breach of contract claims against the defendants commences to run when the Lester plaintiffs’ claims are paid. Because the record contains no evidence that the Lester plaintiffs’ claims have been paid, the exception of prescription is overruled.
1 ^DECREE
Accordingly, for the above reasons, the judgment of the trial court sustaining the exception of lis pendens is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED

. The Lester plaintiffs included individuals who worked at various sites where oilfield drilling pipes contaminated with naturally occurring radioactive material ("NORM”) were cleaned.

. A copy of the motion to lift the stay does not appear in the record. However, the defendants refer to it in their appeal brief and the trial court referred to it at the September 9, 2011 hearing on the exception of lis pendens, the transcript of which is in the record.

. The breach of contract suit was allotted to Division "K” of Civil District Court and subsequently transferred to Division "N,” the section in which the Lester case was pending.

. La. C.C.P. art. 425 provides, in part:
Preclusion by judgment
A. A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.

. La. C.C. art. 3494, provides, in pertinent part:
The following actions are subject to a liber-ative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board[.]