JAMES F. McKAY III, Chief Judge.
LThis appeal arises out of an eviction proceeding from the First City Court for the City of New Orleans. Karen Ann Krecek Dick (“Mrs. Dick”) appeals the April 25, 2013 judgment denying her exceptions of lis pendens and lack of subject matter jurisdiction and granting a rule for possession of premises in favor of plaintiff, John Krecek (“Mr. Krecek”).[1] We affirm.
Pursuant to a judgment of possession rendered September 15, 2006, in the succession of Violet DeMunnick Krecek, Mr. Krecek, the surviving spouse, was awarded an undivided one-half ownership interest in the community property and a lifetime usufruct over the separate and community property belonging to the estate of the decedent. Mr. Krecek was further granted the right to sell, mortgage, lease or otherwise dispose of all assets subject to the usufruct. His children, Mrs. Dick, David J. Krecek and Carol Ann Krecek O’Donahue, were recognized as naked owners subject to Mr. Krecek’s lifetime usufruct. Included in the decedent’s estate is a duplex located at 6348-50 Colbert Street in New Orleans. Mrs. Dick, along |2with her husband, Robert Dick, III, and her son, Shane Dick, resided at 6348 Colbert Street, while Mr. Krecek occupied the other half of the duplex.
On April 16, 2013, Mr. Krecek filed a rule for possession seeking to evict Mrs. Dick and her family due to non-payment of rent. The matter proceeded to trial on April 25, 2013. On the day of trial, Mrs. Dick filed declinatory exceptions of lis pendens and lack of subject matter jurisdiction.
The exception of lis pend&ns was asserted based on a petition for injunctive relief previously filed by Mr. Krecek in the Civil District Court for the Parish of Orleans on March 12, 2013. See John Krecek v. Karen K. Dick, Shane Dick and Robert Dick, III, Case No. 13-2436, Division “N-8”. In that action, Mr. Krecek sought to enjoin Mrs. Dick and the co-defendants from abusing, threatening and harassing him and from coming within one hundred feet of his home.
Regarding the exception of lack of subject matter jurisdiction, Mrs. Dick submits that her responsive pleading filed in the First City Court, captioned “Declinatory Exceptions of Lis Pendens and Lack of Subject Matter Jurisdiction”, constitutes a compulsory reconventional demand, which exceeds the jurisdictional amount set forth in La. C.C.P. art. 4843(E).[2] More specifically, Mrs. Dick avers that said “reconven-tional demand” seeks the termination of Mr. Krecek’s usufruct due to his neglect in failing to make over $30,000.00 in repairs to the property.
|sAt trial on the eviction, Mr. Krecek introduced the judgment of possession *264 from his late wife’s succession and a letter dated January 11, 2013, wherein he instructed Mrs. Dick to begin paying $300.00 per month in rent beginning February 15, 2013. No rent was paid as of the date of trial. Following oral argument, the introduction of evidence, and statements made by Mrs. Dick and her husband (that they were unable to pay the rent), the trial court denied the exceptions and granted Mr. Krecek’s rule for possession. Mrs. Dick’s timely appeal followed.
On appeal, Mrs. Dick asserts that the trial court erred in denying the exception of lis pendens in light of Mr. Krecek’s previously filed petition for preliminary injunction, which concerns the same transaction or occurrence, and is between the same parties in the same capacities. She also asserts that the trial court erred in denying the exception of lack of subject matter jurisdiction based on the reconven-tional demand for damages in excess of the First City Court’s jurisdictional amount. Mrs. Dick submits that as a result of its failure to deny the exceptions, the trial court erred in granting the eviction. For the reasons that follow, we find no merit in these assignments of error.

Lis Pendens

The district court’s ruling on an exception of lis pendens is a question of law, and the standard of review of the appellate court in reviewing a question of law is whether the court’s interpretive decision is legally correct. 727 Toulouse, L.L.C. v. Bistro at the Maison De Ville, L.L.C., 2012-1014, p. 7 (La.App. 4 Cir. 8/21/13), 122 So.3d 1152, 1157. If the decision of the district court is based upon pan erroneous application of the law rather than on a valid exercise of discretion, then the decision is not due deference by the reviewing court. Id. at p. 8, 122 So.3d at 1157-1158.
Under the provisions of La. C.C.P. art. 531, “[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto.... ” The test for lis pendens is to determine whether a final judgment in the first suit would be res judicata in the second suit. Robert L. Manard III PLC v. Falcon Law Firm PLC, 2012-0147, p. 5 (La.App. 4 Cir. 11/16/12), 119 So.3d 1, 4 (citing Glass v. Alton Ochsner Medical Foundation, 2002-0412, p. 4 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, 406).
The first requirement for granting an exception of lis pendens is that there are two or more suits pending. Revel v. Charamie, 2005-0976, p. 4 (La.App. 4 Cir. 2/15/06), 926 So.2d 582, 584, (citing Glass v. Alton Ochsner Medical Foundation, supra). Here, there are two suits pending. Thus, the requirement that there exist two or more pending cases has been met.
The second requirement for granting an exception of lis pendens is that the suits involve the same transaction or occurrence. Revel, supra (citing Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc., 97-28, p. 5 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060). What constitutes the transaction or occurrence is to be determined on a case-by-case basis. In re Succession of Bernat, 2013-277, p. 8 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277, 1284.
The meaning of the phrase “transaction or occurrence” was extensively addressed in Hy-Octane Investments, Ltd., supra, pp. 5-6, 702 So.2d at 1060, as follows:
|sThe term “transaction or occurrence” is used in seven articles of the Code of Civil Procedure. In addition to its use in Article 1061, it is found in *265 Article 425, which deals with preclusion by judgment; it is used in Articles 531 and 532, both dealing with lis pendens; in Article 891, the term enumerates one of the required formalities of a petition; in Article 1071 it defines the parameters of a cross-claim; and in Article 4845, the term helps define the jurisdictional limits of city and parish courts. Another provision, Article 1153, uses the slightly different expression “conduct, transaction, or occurrence” as part of the formula for when an amendment to a pleading relates back for prescription purposes.
Although none of these articles specifically define the expression “transaction or occurrence,” they variously equate the term with “the subject matter of the litigation” (Articles 425 & 891), “the subject matter of the principal action” or “principal demand” (Article 1061 & 4845), and “the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action” (Article 1071). What the transaction or occurrence is that is the subject matter of the litigation, or the principal demand or action, or the original action, has been determined on a case-by-case basis, according to the annotations under these articles.
Some definitions are available, however. Black’s Law Dictionary defines “transaction” as, inter alia, “a broader term than ‘contract,’ ” and “a group of facts so connected together as to be referred to by a single legal name; as a crime, a contract, a wrong.” Among the definitions of “transaction or occurrence” found in 42 Words and Phrases, Supp. p. 201 (1997), is “whether pertinent facts of different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit.” The federal courts have given the words “transaction or occurrence” a broad and liberal interpretation in order to avoid a multiplicity of suits. All logically related events entitling a person to institute legal action against another generally are regarded as comprising a “transaction or occurrence.” Lasa Per L’Industria Del Marmo Soc. Per Azioni v. Alexander, 414 F.2d 143 (6th Cir.1969).
In the present case, we find that the two lawsuits in question do not arise out of the same transaction or occurrence. The first action filed in the Civil District Court is a petition for preliminary and permanent injunction, wherein Mr. Krecek sought to enjoin Mrs. Dick and her family from verbally abusing, harassing, and threatening him. The second action is a summary eviction proceeding based on non-payment of rent pursuant to a lease agreement. Clearly, these actions involve | fiseparate and distinct occurrences, and a judgment in either suit would not constitute res judicata in the other. Thus, the second requirement necessary for granting lis pendens has not been met.
The third requirement for granting lis pendens is that the suits involve the same parties in the same capacities. Revel, supra, p. 5, 926 So.2d at 585. The “identity of parties” prerequisite for res judicata does not mean that the parties must be the same physical or material parties, so long as they appear in the same quality or capacity. Berrigan v. Deutsch, Kerrigan & Stiles, L.L.P., 2001-0612, p. 6 (La.App. 4 Cir. 1/2/02), 806 So.2d 163, 167. The only requirement is that the parties be the same “in the legal sense of the word.” Id.
In the case sub judice, the petition for injunction was filed by Mr. Krecek in his individual and personal capacity. On the other hand, the eviction proceeding *266 was brought by Mr. Krecek in his capacity as lessor of the property in question. Thus, the parties do not appear in the same capacity. On the facts presented, we find that the “identity of parties” requirement has not been met.
In sum, we find that the last two requirements for Us pendens have not been met. Accordingly, the trial court did not err in denying the exception of lis pen-dens.

Lack of Subject Matter Jurisdiction

Mrs. Dick argues that the responsive pleading filed with the First City Court, i.e., the exceptions of lis pendens and lack of subject matter jurisdiction, constitutes a compulsory reconventional demand, which triggers the application of La. C.C.P. art. 4845 (B). Pursuant to article 4845 (B), “[w]hen a compulsory re-conventional demand exceeds the jurisdiction of a parish or city court, ... the court shall transfer the entire action to a court of proper jurisdiction.” Mrs. Dick 17submits that although the exceptions are not titled as a reconventional demand, they should be construed as such because they contain substantive allegations of fact against Mr. Krecek.
The question before us is whether the exceptions filed by Mrs. Dick constitute a compulsory reconventional demand. A re-conventional demand is “compulsory” if it “arises out of the transaction or occurrence that is the subject matter of the principal action.” La. C.C.P. art. 1061(B).
A review of the record reveals that the allegations set forth in the exceptions do not arise out of the same transaction or occurrence that is the subject of the eviction proceeding. In the exceptions, Mrs. Dick seeks the termination of Mr. Krecek’s usufruct due to his alleged waste and neglect in failing to make repairs to the property. Mrs. Dick does not assert that she has made repairs to the property for which a reimbursement or setoff is due. Clearly, the allegations made regarding Mr. Krecek’s duties as usufructuary have no bearing on the issue of delinquent rent pursuant to the lease. Based on the foregoing, we find that the pleading at issue does not constitute a compulsory reconven-tional demand, which would trigger the application of La. C.C.P. art. 4845 (B).
For the foregoing reasons, we find no error in the trial court’s denial of Mrs. Dick’s exceptions of lis pendens and lack of subject matter jurisdiction. We further find no error in the granting of the rule for possession in favor of Mr. Krecek. Accordingly, we affirm.
AFFIRMED.
TOBIAS, J., Concurs.
LANDRIEU, J., Concurs for the Reasons Assigned by TOBIAS, J.

. The exceptions and the appeal are filed only on behalf of Mrs. Dick.

. Pursuant to La. C.C.P. art. 4843(E), "In ... a city court in New Orleans ..., the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed twenty-five thousand dollars.”