| ST. BERNARD PARISH GOVERNMENT | * | NO. 2019-CA-0604 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| RICHARD PERNICIARO, ET AL. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 17-0995, DIVISION "AD HOC"
Honorable Ashly Bruce Simpson
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, and Judge Tiffany G. Chase)

*CHASE, J., CONCURS IN THE RESULT*

James M. Garner
Debra J. Fischman
Stuart D. Kottle
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA 70112-1033

David C. Jarrell
OFFICE OF THE DISTRICT ATTORNEY, ST. BERNARD PARISH
1101 W. St. Bernard Highway
Chalmette, LA 70043

      COUNSEL FOR PLAINTIFF/APPELLANT

William Joseph Larzelere, III
249 Kingsland Drive
Covington, LA 70435

      COUNSEL FOR DEFENDANTS/APPELLEES

**REVERSED AND REMANDED**

**MARCH 11, 2020**

In this governmental ethics case, Plaintiff/Appellant, the St. Bernard Parish Government ("St. Bernard"), appeals two March 14, 2019 judgments: (1) sustaining the peremptory exception of prescription raised by defendants Harold Rosselli and C.H.E.R. Software, L.L.C. ("C.H.E.R.") (collectively the "C.H.E.R. Defendants"); (2) sustaining the declinatory exception of lack of subject matter jurisdiction raised by Appellee/defendant Richard Perniciaro; and (3) sustaining the declinatory exception of lis pendens raised by Appellee/defendant ParaTech, L.L.C. ("ParaTech") (Perniciaro and ParaTech are collectively, the "ParaTech Defendants"), thereby dismissing the cause of actions filed by St. Bernard.

For the reasons that follow, we reverse the judgment sustaining the C.H.E.R. Defendants' exception of prescription; reverse the judgment sustaining Mr. Perniciaro's exception of lack of subject matter jurisdiction; and reverse the judgment sustaining ParaTech's exception of lis pendens.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 2, 2017, St. Bernard filed this suit against the ParaTech Defendants and the C.H.E.R. Defendants seeking damages, and a declaration that contracts between St. Bernard and ParaTech were null and void. The petition alleges that on January 10, 2012, new Parish President David E. Peralta secretly appointed Mr. Perniciaro and Mr. Rosselli to directorial positions within St. Bernard. According to the petition, Mr. Perniciaro and Mr. Rosselli used their appointed positions to direct contractual services to ParaTech and C.H.E.R., even though Mr. Perniciaro and Mr. Rosselli had direct and substantial economic interests in ParaTech and C.H.E.R., respectively. On January 26, 2012, Mr. Rosselli, in his capacity as the acting director of the Office of Information, recommended the termination of James Murray as the Director of Information Technology, who was terminated the same day.

The petition asserts that because Mr. Perniciaro and Mr. Rosselli were employees of St. Bernard, they were able to use their "secret" positions to authorize individualized services and projects to ParaTech. St. Bernard alleges that after Mr. Perniciaro and Mr. Rosselli became putative employees of St. Bernard, ParaTech was formally awarded the contract to perform IT services for St. Bernard on February 1, 2012 (the "2012 Contract"). The petition alleges that on September 23, 2013, even though ParaTech was not the lowest bidder, it was awarded the new IT services contract. On January 16, 2014, ParaTech executed a new contract to perform IT services for St. Bernard (the "2014 Contract").

St. Bernard contends that Mr. Perniciaro and Mr. Rosselli "schemed" to use their official capacities as parish employees to direct work and money to ParaTech and C.H.E.R., in violation of the Code of Governmental Ethics ("Ethics Code"), codified at La. R.S. 42:1101, *et seq.* As a result of these alleged violations of the Ethics Code, St. Bernard seeks damages, and a declaration that the 2012 and 2014 Contracts are an absolute nullity and void *ab initio*.

On October 20, 2017, the C.H.E.R. Defendants filed a peremptory exception of prescription. On October 27, 2017, the ParaTech Defendants filed a declinatory exception of lis pendens, and Mr. Perniciaro filed an exception lack of subject matter jurisdiction. On December 4, 2018, St. Bernard filed an omnibus opposition to the exceptions filed by Mr. Perniciaro, the ParaTech Defendants, and the C.H.E.R. Defendants.

On February 20, 2019, the trial court heard the exceptions raised by the defendants. At the hearing, the C.H.E.R. Defendants offered no witnesses or evidence in support of their exception of prescription.

On March 14, 2019, the trial court signed written judgments sustaining Mr. Perniciaro's exception of lack of subject matter jurisdiction, sustaining ParaTech's exception of lis pendens, and sustaining the C.H.E.R. Defendants' exception of prescription, thereby dismissing the cause of actions filed by St. Bernard.

**DISCUSSION**

St. Bernard lists three assignments of error.

3

**Exception of Lack of Subject Matter Jurisdiction**

First, St. Bernard contends that the trial court erred in sustaining Mr. Perniciaro's exception of lack of subject matter jurisdiction. The exception of lack of subject matter jurisdiction is a question of law and is reviewed *de novo*. *Ryan Gootee Gen. Contractors, LLC v. Plaquemines Parish Sch. Bd. & One Constr., Inc.*, 15-0325, p. 9 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 595

"Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La. C.C.P. art. 1. "Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. Code Civ. P. art. 3.

St. Bernard relies upon this Court's recent opinion in *Plaquemines Parish Govt. v. Williams*, 18-0675 (La. App. 4 Cir. 2/19/18), 262 So.3d 1080, to support its argument that the trial court has subject matter jurisdiction to hear St. Bernard's cause of actions for damages and declaratory relief against Mr. Perniciaro.

In *Williams*, the Plaquemines Parish Government ("PPG") filed suit seeking damages, losses, and return of public funds. PPG alleged that Williams, in his

4

position as public works director, violated the Ethics Code by directing Parish work to companies affiliated with the Williams family. The defendants filed a motion for summary judgment asserting that Williams did not violate the Ethics Code. The trial court granted the motion for summary judgment, and PPG appealed to this Court. On appeal, this Court stated that "the central issue before this Court [was] whether Byron Williams, Jr. violated the Code of Ethics of Government Employees." *Id.*, p. 7, 262 So.3d at 1086. The *Williams* Court upheld the summary judgment, finding that the parish employee did not violate La. R.S. 42:1112 of the Ethics Code.

"[I]t is the duty of a court to examine subject matter jurisdiction *sua sponte*, even when the issue is not raised by the litigants." *Boudreaux v. State, Dep't of Transp. & Dev.*, 01-1329, p. 8 (La. 2/26/02), 815 So.2d 7, 13. In *Williams,* the Court concluded that PPG's claims were "primarily rooted in the nepotism statutes" over which the Court found it had subject matter jurisdiction. *Williams*, 18-0675, p. 7, 262 So.3d at 1086.

Here, as in *Williams,* we find that the trial court had subject matter jurisdiction to hear St. Bernard's cause of actions for damages and declaratory relief based on Mr. Perniciaro's alleged violations of the Ethics Code. The trial court committed legal error to the extent it found that it did not have subject matter jurisdiction as to Mr. Perniciaro. Accordingly, we reverse the trial court's judgment sustaining Mr. Perniciaro's exception of lack of subject matter jurisdiction.

**Exception of Lis Pendens**

St. Bernard contends that the trial court erred in sustaining the ParaTech defendants' exception of lis pendens based on two cases that were consolidated in this matter (Case no. 17-0995 and Case No. 14-1331).

A trial court's ruling on an exception of lis pendens is a question of law, and the standard of review of the appellate court in reviewing a question of law is whether the court's interpretative decision is legally correct. *Krecek v. Dick*, 13-0804, p. 3 (La. App. 4 Cir. 2/19/14), 136 So.3d 261, 264.

Under the provisions of La. C.C.P. art. 531, "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto." The first requirement for granting an exception of lis pendens is that there are two or more suits pending. *Krecek*, 13-0804, p. 4, 136 So.3d at 264. The second requirement for granting an exception of lis pendens is that the suits involve the same transaction or occurrence. *Id.* The third requirement for granting lis pendens is that the suits involve the same parties in the same capacities. *Krecek*, 13-0804, p. 6, 136 So.3d at 265.

In the present case, we cannot determine whether the two lawsuits in question arise out of the same transaction or occurrence. The record on appeal does not contain the petition filed in Case No. 14-1331. Therefore, we cannot compare the allegations in Case No. 14-1331 and those in the instant case, No. 17-0995. Proper analysis of the exception of lis pendens requires comparison of the

6

demands asserted in each suit against the defendant urging the exception. *Pumpkin Mobile Home Park, LLC v. Harrison*, 13-1086, p. 4 (La. App. 1 Cir. 2/18/14), 2014 WL 647398 (unpublished); *Capital One, N.A. v. Serv. Door & Millwork, LLC*, 11-0691, p. 3 (La. App. 1 Cir. 11/9/11), 2011 WL 5420374 (unpublished).

"The party filing an exception of lis pendens has the burden of proving the facts necessary for his exception to be sustained." *Robinson v. Robinson*, 474 So.2d 46, 48 (La. App. 3d Cir. 1985). Based on the incomplete record before us, we find the ParaTech Defendants did not satisfy this burden. Accordingly, we reverse the trial court's judgment sustaining the ParaTech Defendants' exception of lis pendens.

**Exception of Prescription**

Finally, St. Bernard contends that the trial court erred in sustaining the exception of prescription filed by the C.H.E.R. Defendants.[1] The standard of review of a trial court's ruling sustaining a peremptory exception of prescription is *de novo* because it raises a legal question. *M.R. Pittman Group, LLC v. Plaquemines Parish Govt.*, 15-0513, p 8 (La. App. 4 Cir. 12/2/15), 182 So.3d 303, 309. "Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it; thus, of two possible constructions, that which favors maintaining, as opposed to barring an action, should be adopted." *Wells v. Zadeck*, 11-1232, pp. 6-7 (La. 3/30/12), 89 So.3d 1145, 1149.

---

[1] The C.H.E.R. Defendants did not file an appellee brief.

The trial court ruled that St. Bernard's delictual cause of action against the C.H.E.R. Defendants was prescribed on January 16, 2015, one year after the ParaTech contract was executed on January 16, 2014. According to St. Bernard, the trial court erred by failing to apply the doctrine of *contra non valentum*, which is an exception to the general rules of prescription by suspending the running of prescription when the circumstances of the case fall into one of four categories. *Wells,* 11-1232, p. 8, 89 So.3d at 1150. St. Bernard relies on the fourth category, commonly known as the discovery rule, which provides that prescription commences on the date the injured party discovers or should have discovered, the facts upon which his cause of action is based. *Id.,* p. 9, 89 So. 3d at1150.

David Jarrell, an attorney representing St. Bernard who drafted the 2017 petition, testified that he "reviewed virtually every document ever compiled by St. Bernard Parish Government regarding these contracts," and that he did not learn until June 5, 2017 that Mr. Peralta had been designated as the de facto director of the IT department on January 10, 2012. Mr. Jarrell also testified that, on that date, he found a letter authored by Mr. Rosselli personally recommending the termination of the prior IT director, Mr. Murray.

We find that St. Bernard's prescriptive period did not begin to run until 2017, when Mr. Jarrell discovered the C.H.E.R. Defendants' actions and the damages St. Bernard suffered as a result of these actions. Pursuant to the doctrine of *contra non valentum,* St. Bernard's petition, filed on August 2, 2017, was not

8

prescribed under the one-year period for delictual actions.  The trial court erred in sustaining the C.H.E.R. Defendants' exception of prescription.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's March 14, 2019 judgment sustaining Mr. Perniciaro's exception of lack of subject matter jurisdiction, and the ParaTech Defendants' exception of lis pendens.  We also reverse the trial court's March 14, 2019 judgment sustaining the C.H.E.R. Defendants' exception of prescription.  We remand to the trial court for further proceedings.

## REVERSED AND REMANDED