| | | |
|---|---|---|
| META H. DAVE | * | NO. 2020-CA-0239 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| ALVIN WITHERSPOON, | * | |
| PRECEPT CREDIT | | FOURTH CIRCUIT |
| OPPORTUNITIES FUND, LP | * | |
| AND THE CITY OF NEW | | STATE OF LOUISIANA |
| ORLEANS | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-03126, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Dale N. Atkins)


John A. E. Davidson
Christopher J. Davidson
DAVIDSON & DAVIDSON, APLC
2901 Independence Street
Suite 201
Metairie, LA 70006


        COUNSEL FOR PLAINTIFF/APPELLANT


James E. Uschold
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130



        COUNSEL FOR DEFENDANT/APPELLEE


                                **AFFIRMED**
                        **NOVEMBER 4, 2020**

DNA
DLD
JCL

This is an action involving the tax sale of immovable property. Appellant, Meta H. Dave, ("Ms. Dave") appeals the trial court's February 7, 2020 judgment granting an exception of *lis pendens* filed by Appellee, Precept Credit Opportunities Fund, LP ("Precept") and dismissing her claims against Precept. In its Appellee brief, Precept requested damages for a frivolous appeal. For the reasons that follow, we affirm the trial court's judgment and deny the motion for frivolous appeal damages.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ms. Dave owned immovable property in New Orleans located at 1905 Allen Street (the "Property") on which she owed property taxes. Ms. Dave failed to pay the property taxes due for 2013 and 2014 timely. In 2014, the Property was sold at a tax sale to Alvin Witherspoon to satisfy the Property taxes due. In 2015, Precept bought the Property at a tax sale. Precept filed its petition to confirm tax sale and to quiet title on September 26, 2018, in Orleans Parish Civil District Court in the matter entitled *Precept Credit Opportunities Fund, L.P. v. Meta H. Dave, et al.*

1

On March 22, 2019, Ms. Dave filed the instant action against Mr. Witherspoon,[1] Precept, and the City of New Orleans ("the City"), seeking to have the sale of the Property annulled. Ms. Dave also asserted a tax sale redemption claim against the City. In her petition, Ms. Dave alleged the tax sale should be annulled because she was not afforded due process due to not receiving actual notice of the sale. She further alleged the sale did not comport with the statutory requirements for notice of delinquency of imposed property taxes, and of a pending tax sale under La. R.S. 47:2153, and of post-sale notice under La. R.S. 47:2156.

In response, on January 10, 2020, Precept filed a declinatory exception of *lis pendens*. Precept argued that the claims against it in the instant action should be dismissed because they form the same transaction and occurrence and involve the same parties in the same capacities as Precept's previously filed action to quiet title. Ms. Dave opposed the exception of *lis pendens*, arguing that the exception should not be granted because the City was not a party to Precept's action to quiet title and her redemption claim against the City is a different "occurrence" for purposes of determining if an exception of *lis pendens* applies. Ms. Dave suggested in her opposition that it would be more appropriate for the trial court to transfer her matter to the section of court where Precept's action to quiet title was pending and consolidate the two matters. Ms. Dave did not file a formal motion to consolidate the matters.

On February 6, 2020, the trial court held a hearing on Precept's exception of *lis pendens*. The trial court signed a written judgment granting the exception of *lis pendens* on February 7, 2020. The judgment provided that all claims against

---

[1] Mr. Witherspoon has not made an appearance in this proceeding.

Precept were dismissed, but the claims against the City were maintained. From this judgment, Ms. Dave timely appeals.

## DISCUSSION

### *Exception of Lis Pendens*

On appeal, Ms. Dave makes three arguments to support her contention that the trial court erred in granting Precept's exception of *lis pendens*. First, Ms. Dave argues that the instant action and Precept's action to quiet title do not involve the same parties, and thus, the "identity of parties" requirement necessary to grant an exception of *lis pendens* is not met. Second, she argues that the trial court erred in not transferring this matter to the division of court where Precept's action to quiet title was pending and consolidating the two matters. Third, she argues that the plain language of La. R.S. 47:2286 allows her to bring the instant action as a separate lawsuit, and the trial court's judgment dismissing her claims by exception of *lis pendens* is, thus, improper.

La. C.C.P. art. 531 provides that "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto...." Such an exception is a declinatory exception of *lis pendens* under La. C.C.P. art. 925.

"A trial court's ruling on an exception of *lis pendens*, pursuant to La. C.C.P. art. 531, presents a question of law; thus, it is reviewed *de novo*." *TMF Hotel Properties, L.L.C. v. Crescent City Connections 501(C) 7 Gris-Gris Pleasure Aide & Soc. Club*, 2018-0079, p. 4 (La. App. 4 Cir. 11/28/18), ___ So.3d___, 2018 WL 6204331 at *2. "[T]he standard of review of the appellate court in reviewing a question of law is whether the court's interpretive decision is legally correct."

3

*Krecek v. Dick*, 2013-0804, p. 3 (La. App. 4 Cir. 2/19/14), 136 So.3d 261, 264 (citing *727 Toulouse, L.L.C. v. Bistro at the Maison De Ville, L.L.C.*, 2012-1014, p. 7 (La. App. 4 Cir. 8/21/13), 122 So.3d 1152, 1157). "If the decision of the district court is based upon an erroneous application of the law rather than on a valid exercise of discretion, then the decision is not due deference by the reviewing court." *Id*. at pp. 3-4, 136 So.3d at 264 (citing 727 *Toulouse, L.L.C*., 2012-1014, p. 8, 122 So.3d at 1157-58).

"The test for *lis pendens* is to determine whether a final judgment in the first suit would be res judicata in the second suit." *Robert L. Manard III PLC v. Falcon Law Firm PLC*, 2012-0147, p. 5 (La. App. 4 Cir. 11/16/12), 119 So.3d 1, 4 (citing *Glass v. Alton Ochsner Medical Foundation*, 2002-0412, p. 4 (La. App. 4 Cir. 11/6/02), 832 So.2d 403, 406). "The exception of *lis pendens* has the same requirements as the exception of res judicata and is properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities." *Revel v. Charamie*, 2005-0976, p. 4 (La. App. 4 Cir. 2/15/06), 926 So.2d 582, 584.

In order for the trial court to grant an exception of *lis pendens*, three requirements must be met. First, two or more suits must be pending. *Id*., at p. 4, 926 So.2d at 584 (citing *Glass v. Alton Ochsner Medical Foundation, supra*). Second, the suits must involve the same transaction or occurrence. *Krecek*, 2013-0804, p. 4, 136 So.3d at 264. "No one test exists for determining what constitutes the same 'transaction or occurrence.'" *Parker v. Tulane-Loyola Fed. Credit Union*, 2015-1362, p. 7 (La. App. 4 Cir. 5/25/16), 193 So.3d 441, 445 (citing *See Travcal Properties, LLC v. Logan*, 2010-323, p. 5 (La. App. 3 Cir. 10/6/10), 49 So.3d 466, 470). What constitutes a transaction or occurrence must be determined on a case-

4

by-case basis. *Id.*, 2015-1362, p. 7, 193 So.3d at 445-46. Third, the two suits must involve the same parties in the same capacities. "The 'identity of parties' prerequisite for *res judicata* does not mean that the parties must be the same physical or material parties, so long as they appear in the same quality or capacity." *Revel*, 2005-0976, p. 5, 926 So.2d at 585 (citing *Berrigan v. Deutsch, Kerrigan & Stiles, L.L.P.*, 2001-612, p. 6 (La. App. 4 Cir. 1/2/02), 806 So.2d 163, 167). The parties are only required to be the same in the legal sense. *Id.*

Here, the first two requirements are met. The first requirement is met because there are two suits pending: the instant action and Precept's previously filed action to quiet title. The second requirement is likewise met. The "transaction or occurrence" involved in Precept's suit to quiet title is the tax sale where the Property was sold to Precept. In her claims against Precept, Ms. Dave is likewise challenging the same tax sale of the Property as being invalid.

The parties dispute whether the third requirement—that of the identity of the parties—is met. Ms. Dave argues that, because she has a redemption claim against the City, the requirement that the suits be pending "between the same parties" is not met. Ms. Dave concedes that the instant matter and Precept's action to quiet title are "related," but she argues that the trial court erred when it granted Precept's exception of *lis pendens* rather than transferring the instant matter to the division of court where Precept's action to quiet title was pending and consolidating the two cases. Precept argues that the trial court properly granted the exception because the trial court's judgment preserved Ms. Dave's claims against the City.

In the instant action, the parties are: Ms. Dave, Mr. Withserpoon, Precept, and the City. In the action to quiet title, the parties are: Ms. Dave, Mr. Witherspoon, and Precept. Ms. Dave argues that the parties are not the same in the

instant matter as in Precept's action to quiet title because she added the City as a party. This argument is unpersuasive.

As Precept points out, the trial court preserved Ms. Dave's claims against the City. Ms. Dave's filing of a new suit naming the City as a new party will not defeat an exception of *lis pendens* as to Precept. Precept is still entitled under La. C.C.P. art. 531 to have the instant action dismissed against it if the elements of an exception of *lis pendens* are met. See *Dean v. Delacroix Corp.*, 2003-1352, p. 4 (La. App. 4 Cir. 8/27/03), 853 So.2d 769, 772 ("This court has recognized and held that the filing of a new suit naming new and additional parties will not defeat an exception of lis pendens. The party to the earlier filed suit is entitled to have the later filed suit dismissed as to him, and the new parties remain in the later filed suit.").

As to the claims against Precept, a judgment in the instant action would be res judicata in Precept's action to quiet title. Stated another way, if the trial court in the instant action issued a judgment annulling the tax sale, Precept's action to quiet title would necessarily fail because the sale was invalid and Precept is not entitled to quiet title of the Property. Conversely, if the trial court in Precept's action to quiet title found that Precept is entitled to confirm the tax sale of the Property, then Ms. Dave's claims against Precept in the instant action would fail.

Ms. Dave's arguments that the trial court erred when it granted the exception of *lis pendens* rather than consolidating the instant action with the action to quiet title are likewise unpersuasive. This issue is not properly before this Court because Ms. Dave did not make a formal motion to transfer and consolidate the matters at the trial court. "Generally, appellate courts will not consider issues raised for the first time on appeal." *Thomas v. Bridges*, 2013-1855, pp. 11-12 (La. 5/7/14), 144

6

So.3d 1001, 1009. Nevertheless, consolidating the matters would not defeat the exception of *lis pendens* because, as previously discussed, a judgment on Ms. Dave's claims against Precept would be res judicata in Precept's action to quiet title.

Ms. Dave's final argument that the plain language of La. R.S. 47:2286 allows her to file a separate suit to challenge the sale of the Property in a tax sale is also meritless. In countering this argument, Precept contends that La. R.S. 47:2286 is a venue provision that allows a party to bring a separate action to challenge a tax sale, but does not require it. In any case, Precept argues that La. R.S. 47:2286 does not defeat an exception of *lis pendens* when the requirements of La. C.C.P. art. 531 are met. We agree.

La. R.S. 47:2286 provides:

No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities. The action shall be brought in the district court of the parish in which the property is located. In addition, the action may be brought as a reconventional demand or an intervention in an action to quiet title under R.S. 47:2266 or as an intervention in a monition proceeding under R.S. 47:2271 through 2280.

While the statute allows Ms. Dave to file her own action by using the word "may," it does not require that another action be filed separate from an action to quiet title. The only requirement of the statute is that the action to annul the tax sale "shall" be brought in the district court of the parish where the property is located. Indeed, the statute plainly states that Appellant's action to nullify the tax sale "may" be brought as a reconventional demand, as an intervention, or as an intervention in a monition proceeding. Because Precept's action to quiet title was already pending at the time Ms. Dave initiated the instant proceeding, under the plain language of the statute, the proper course for Ms. Dave to address her claims

7

for nullity and redemption would have been to assert them as reconventional demands. Regardless, an exception of *lis pendens* would still lie if there were two or more suits pending involving the same transaction or occurrence and the same parties in the same capacities.

Accordingly, we find that all of the elements of an exception of *lis pendens* are present, and the trial court properly granted Precept's exception of *lis pendens*.

### Frivolous Appeal Damages

Precept argues that the instant appeal is frivolous and makes a motion under La. C.C.P. art. 2164 for sanctions and an award of damages, attorney's fees, and costs in its Appellee brief. La. C.C.P. art. 2164 states that an appellate court "may award damages, including attorney fees, for frivolous appeal." Precept argues that the instant appeal is frivolous and it is entitled to damages and costs for the work performed on this appeal because Ms. Dave's arguments are not supported in law and are not fully briefed herein. Precept acknowledges, however, that this Court has held that a motion for damages for a frivolous appeal can only be considered if the Appellee files its own cross-appeal or answer to the appeal requesting such damages, which Precept did not do.

As this Court has held, "[t]he proper procedure for an appellee to request frivolous appeal damages is to file either an answer to the appeal or a cross-appeal." *An Erny Girl, L.L.C. v. BCNO 4 L.L.C.*, 2016-1011, p. 17 (La. App. 4 Cir. 3/30/17), 216 So.3d 833, 844. Precept did not file an answer to this appeal or its own cross-appeal, but only raised the issue of frivolous appeal damages in its Appellee brief. Therefore, Precept's motion for frivolous appeal damages is denied.

8

**DECREE**

For the foregoing reasons, we affirm the trial court's judgment granting Precept's exception of *lis pendens* and dismissing Ms. Dave's claims against Precept. We deny the motion for frivolous appeal damages.

**AFFIRMED**